JENNIE LAUREL *vs.* STATE NATIONAL BANK, OF MINNEAPOLIS.

May 8, 1878.

**Charge to be construed as a whole.**—In determining the probable influence or effect upon the mind of a jury of an instruction given them, it must be considered and construed in connection with the whole charge.

**New Trial—Newly-Discovered Evidence.**—A new trial will not be granted by an appellate court because of newly-discovered evidence, corroborative in its character, which the party might have procured for the first trial by the exercise of reasonable diligence, and where a failure of such diligence is not excused.

This action was brought in the district court for Hennepin county to recover the amount ($700) of a certificate of deposit issued by defendant April 15, 1876, payable to the order of plaintiff, but which on June 14, 1876, the defendant, without plaintiff's knowledge or consent, paid to plaintiff's then husband, Charles Laurel, on presentation and surrender of the certificate, without her endorsement. At the trial before *Young,* J., the principal question was upon the ownership of the money. The plaintiff testified that it was part of the proceeds of the sale of her husband's homestead, and that she refused to sign the deed unless he gave her the money; that he promised to do so, and, after the sale, gave her $790, which sum she retained in her possession about two weeks, and then gave her husband $700 of it to deposit in bank in her name, which he did, returning to her a certificate of deposit issued by defendant to her order April 10th, which was, on April 15th, surrendered, and the certificate declared on, bearing interest, issued in place of it. On behalf of the defendant, Charles Laurel testified that the deposit was made in his wife's name, because he had given notes for the purchase-money of a city lot, the title to which had failed, and he was afraid the notes might become due and the money be levied on pending the settlement of the dispute growing out of the defective title. The jury found for the plaintiff.

The defendant moved for a new trial for errors in law, and for newly-discovered evidence, on affidavits of the defendant's attorney, the purchaser of the homestead, the register of deeds, and others, to the effect that the sale and conveyance testified to by plaintiff took place on April 10, 1876, on which day the deed was executed and acknowledged by plaintiff and her husband and recorded, and the entire consideration, amounting to a little more than $700, paid to the husband, Charles Laurel; and that these facts were unknown to defendant's attorney until after the trial. The motion was denied, judgment was entered on the verdict, and the defendant appealed.

*R. J. Baldwin* and *Lochren, McNair & Gilfillan*, for appellant.

*Wilson & Lawrence*, for respondent.

CORNELL, J. In its general charge, the court instructed the jury, among other things, as follows: "The plaintiff starts in this action with the certificate of deposit. It is admitted that this certificate of deposit upon which she sues, dated April 15, 1876, was payable to her order. This constitutes a valid contract between the bank and herself, and having proved that, she establishes a *prima-facie* case,—a *prima-facie* title as between herself and the bank." To this portion of the charge defendant excepted generally, without specifying the particular ground upon which it was taken. It is now urged that the tendency of this portion of the charge was to prejudice the defendant's case with the jury, by withdrawing their attention from the fact, disclosed by plaintiff's own testimony, that the money deposited with the bank, and for which the certificate was given, belonged originally to her husband as the avails of the sale of his homestead, the effect of which evidence, as is claimed, was to destroy the presumption arising from the certificate alone, and to cast upon her the burden of proving a valid gift of the money from her husband. We do not think the instruction fairly open to this criticism. It must be construed in connexion with the rest of the charge.

Immediately following the portion excepted to, the court stated to the jury as follows: "But when it is admitted, or.proved on the trial, that the money was deposited by Charles Laurel, and that the money originally belonged to him, then the burden will be changed from the defendant to the plaintiff; that is, it will be necessary for the plaintiff, in order to recover, to prove a valid gift of the money from Charles Laurel to herself." And the court further expressly instructed them "that there was no question but that the homestead property for which the money was received belonged to Charles Laurel, and that, the title being in him, of course the money which was received in payment for such property was his; and to entitle plaintiff to recover, she must prove a valid gift from her husband to herself of this money." In other words, the court distinctly told the jury that the fact which overcame the presumption created by the certificate stood admitted in the case, and upon the evidence before them. Considering the entire charge, the rule as to the effect of the evidence and the burden of proof was correctly stated.

In respect to the newly-discovered evidence upon which a new trial is sought, the case is not brought within the well settled rules governing courts in awarding a new trial on such grounds. The direct tendency and effect of the new facts which defendant claims to have discovered since the trial, and for which a new trial is asked, would be to discredit the testimony which was given by the plaintiff, and to corroborate that given by her husband, Charles Laurel, in reference to what proved to be the main controverted question of fact on the trial. This question was whether the money which was deposited in defendant's bank, and for which the certificate sued on was issued, was a gift from Laurel to his wife, the plaintiff herein. That this was likely to become a material subject of inquiry and controversy on the trial, the defendant must have anticipated from the character of the issue, and the circumstances of the case; and in the exercise of ordinary diligence, it should have procured all the evidence

reasonably within its power, to establish the fact according to the truth. How the fact was, whether the money belonged to Charles Laurel as having been realized from the sale of his homestead, who became the purchaser, who paid the purchase-money, where the premises were situated, who witnessed the execution of the conveyance, when it was done, and where probably recorded, were all, together with the circumstances connected with the transaction, matters presumptively within the knowledge of said Laurel, who was the principal witness for the defendant, and proper inquiries made of him would have obtained the requisite information which would have enabled the defendant to have seasonably procured proof of the additional corroborative facts for the establishment of which he now seeks a new trial. Such inquiries would have furnished presumptive evidence that the deed by which the property was conveyed was of record in the office of the register of deeds that was kept in the very building where the trial was had; and an examination in that office would have disclosed the date of its execution and acknowledgment, and the names of the subscribing witnesses, and of the notary before whom the acknowledgment was taken. Under these circumstances, it was inexcusable negligence not to consult records thus accessible, and to omit making of its principal witness such inquiries as to facts, presumably within his knowledge, as would have led to information sufficient to enable it to procure in season such record evidence and oral testimony, if any existed, as was needful to a full presentation of its case to the jury. In this respect there was a failure on the part of defendant of that reasonable diligence in the preparation of its case for trial which must always be shown or excused, to justify a new trial on the ground of newly-discovered evidence.

Although the case made by the plaintiff is somewhat weak, there is not such want of evidence to support the verdict that an appellate court can set it aside on that ground.

Judgment affirmed.