## YOUNG V. HARRIS.

1. CROSS-EXAMINATION—REPETITION OF EVIDENCE—REFUSAL TO PERMIT—NOT ERROR.

   When a witness on cross-examination has testified to a certain fact, it is not error on the part of the trial court to refuse to permit a repetition of such evidence.

2. EVIDENCE—OBJECTION TO—ERROR CURED.

   Where an objection to evidence is sustained, but it appears elsewhere in the record that the same evidence has been received, the error if any is cured.

3. BONA FIDE VENDEE—MAY PASS GOOD TITLE TO ONE HAVING NOTICE OF FRAUD.

   The *bona fide* vendee of a fraudulent vendor may pass a good title to one having notice of the original vendor's fraudulent intent, and it is not error to refuse an instruction which ignores this rule.

4. SAME—INSTRUCTION—ASSUMING FACTS.

   It is not error to refuse an instruction assuming facts which should be submitted to the jury for determination; so *held*, where an instruction assumed that two purchases were one transaction.

5. REQUEST TO CHARGE—EMBRACED IN GENERAL CHARGE—REFUSAL NOT ERROR.

   Where the substance of a request to charge is fully covered by the instructions given by the trial judge of his own motion, it is not error to refuse such request.

6. INSTRUCTIONS ON SUBJECT OF FRAUDULENT TRANSFER—STATED AND
   APPROVED.

7. WHOLE CHARGE TAKEN TOGETHER.

   The whole charge to the jury must be taken together; and when, as a whole, it gives a full and correct statement of the law, an isolated part of it, which by itself might be considered erroneous, will not vitiate the charge as a whole.

8. CLAIM AND DELIVERY—FORM OF VERDICT.

   In an action of claim and delivery a verdict general in form, and not finding specially on each issue in accordance with the statutory direction, may be regarded in legal effect as finding for a party on all the issues; and will be held good as against an objection that "the judgment rendered is contrary to law, in that it is not supported by the verdict."

Filed February 16, 1887.

Appeal from the district court of Hughes county.

Action of claim and delivery. The form of the verdict is as follows:

"Young & Leach v. Geo. W. Harris.

"We, the jury, find for the plaintiffs, and assess their damages at the sum of thirty-five dollars, $35.00.

WILLIAM STOUGH, Foreman."

The remaining facts are stated in the opinion of the court.

*Dillon & Holmes*, for defendant and appellant.

The failure to make an inventory is a badge of fraud. Bump Fraud, Con. 51; Gollober v. Martin, 6 Pac. (Kan.) 268.

The jury is told in as positive terms as it can be expressed that they "must bear in mind that the law always presumes that men are fair and honest."

This is undoubtedly a misstatement of the law, for it does not always presume them fair and honest; but on the contrary, it presumes they intend the natural and necessary results of their acts. And if their acts result in the delaying, or defrauding creditors, the law presumes them to have intended to defraud. Bump on Fraud. Conv., 271, and numerous cases cited in Notes 1, 2, 3; First National Bank A. Bertschy, 52 Wis. 438; Gollober v. Martin, 6 Pac. (Kan.) 268; Babcock v. Eckler, 24 N. Y. 623; Marden v. Babcock, 2 Met. 99, 104; Zoeller v. Riley, 2 N. E. (N. Y.) 388.

Inadequacy of consideration costs the burden of showing the transaction fair as against creditors. Bump Fraud. Con. 44, 45; Jones v. Franks, 6 Pac. (Kan.) 789.

It is unquestionably the law that if the facts brought to his knowledge awaken a suspicion that would lead a man of ordinary prudence to make inquiry, he is then charged with the fraudulent intent. Gollober v. Martin, 6 Pac. 267, 270; Philips v. Reitz, 16 Kan. 396; McDonald v. Gaunt, 30 Kan. 693; Hopkins v. Langton, 30 Wis. 379; Atwood v. Impson, 20 N. J. Eg. (5 C. E. Green,) 150; Avery v. Johann, 27 Wis. 246; Baker v. Bliss, 39 N. Y. 70; Brinkman v. Jones, 44 Wis. 498; Parker v. Kane, 4 Wis. 1; Tuttle v. Jackson, 6 Wend. 213; Hamlin v. Wright, 26 Wis. 50; Landecker v. Houghtaling, 7 Cal. 391; Bump, 494, 201, and Notes 5 and 6; Bartles v. Gibson, 17 Fed. Rep. 293.

The verdict is insufficient to support the judgment. It cannot reach beyond the issues in the pleadings, and there is no issue to base the right of possession upon. Child v. Child, 13 Wis. 19; Pattison v. United States, 2 Wheat. 222.

Title must be determined as well as right of possession. Appleton v. Barrett, 22 Wis. 568; Warner v. Hunt, 30 Wis. 200; Holt v. Van Epps, 1 Dak. 206.

The jury do not assess the value of the property. Hence costs cannot be taxed. Code C. P. 381, 4.

*Walter C. Fawcett* and *A. Wetmore,* for respondents.

The charge of the court taken as a whole is fully sustained by Baughman v. Penn., 6 Pac. (Kan.) 890.

The law never presumes fraud. Bump Fraud. Con. 600. Thornton v. Hook, 36 Cal. 223.

Notice to fraud must be brought home to purchaser. Stearns v. Gage, 79 N. Y. 102; Parker v. Conner, 93 N. Y. 118; Sturn v. Kelly, 88 N. Y. 418.

Under statutes similar to our own, the supreme courts of California and Wisconsin have held that inadequacy of consideration, even when conceded, is never sufficient to authorize a court to find fraud as a conclusion of law. McFadden v.

Mitchell, 54 Cal. 628; Jamison v. King, 50 Cal. 133; Harris v. Burns, 50 Cal. 140; Hyde v. Chapman, 33 Wis. 393; Gay v. Bidwell, 7 Mich. 509; Oliver v. Caton, 7 Mich. 108.

The charge of the court as to *bona fide* purchasers was correct. Bump Fraud. Con. 496 Sup. Ct. Rep. Vol. 5, p. 81, Splawn v. Martin, 17 Ark. 146; Melhap v. Pettibone, 54 Wis. 656; Tierney *et al.* v. Claflin, 2 Atl. Rep. (R. I.) 763; Stover v. Harrington, 7 Ala. 142; Farlin v. Sook, 30 Kas. 401; 1 Pac. Rep. 123 and cases cited in Tiernay v. Claflin; Baugham v. Penn. 6 Pac. Rep. (Kas.) 890; Hughes v. Mouty, 24 Ia. 499; Beals v. Guernsey, 8 Johns, 348; Lorschigk v. Bridge, 42 N. Y. 42; Kellogg v. Aherin, 48 Ia. 299.

To hold otherwise would be to impair the value of the innocent purchaser's estate and would violate the policy of the law against restrictions upon the alienation of property. 1 Story Eq. Juris. 409 and 410; 2 Pom. Eq. Juris. 754, 777 and 778; Pringle v. Dunn, 37 Wis. 449; McQueen v. Farquhar, 11 Ves. 467; Demerast v. Wynkook, 3 Johns. Ch. 129; Bumpus v. Platner, 1 Johns. Ch. 213; Linzey v. Rankin, 4 Bibb. (Ky.) 482; Pierce v. Faunce, 47 Me. 507; Church v. Ruland, 64 Penn. St. 432.

It is a well settled rule that an officer justifying under attachments against a stranger claiming title must not merely plead and prove that the necessary steps, preliminary to the issuance of the warrant or writ of attachment were taken, but must also show an indebtedness upon the part of the defendant in the attachment suits, or such other ground as may be the basis of the action against him. Damon v. Bryant, 2 Pick. 411; Rinchey v. Striker, 28 N. Y. 45; Sexey v. Adkinson, 34 Cal. 346; Miller v. Bannister, 109 Mass. 289; Brailey v. Burns, 20 Minn. 435; Hines v. Chambers, 29 Minn. 7; Jones v. Lake, 2 Wis. 210; Norton v. Kearney, 10 Wis. 443; Noble v. Holmes, 5 Hill N. Y. 194; Van Etten v. Hurst, 6 Hill N. Y. 311; Mathews v. Densmore, 43 Mich. 461; Elweld v. Johnson, 3 Hun. 558.

The general denial in the answer did not put in issue the value of the property alleged in the complaint. The taxation of costs therefore could be had. McClung 2 Bergfield 4 Minn.

148 (Gil. 99); Dean v. Leonard, 9 Minn. 190 (Gil. 176); Durfee v. Pavitt, 14 Minn. 424 (Gil. 390); Burt v. McKinstry, 4 Minn. 204 (Gil. 146;) Lynd v. Picket 7 Minn. 184 (Gil. 128.)

McCONNELL, J. This is an action in claim and delivery, to recover possession of a stock of hardware. Answer that the defendant, as sheriff of Hughes county, took the property under certain attachments against one Gary, and that the plaintiffs were fraudulent vendees of said Gary as to said property. There was a verdict for plaintiffs on all the issues, motion for new trial overruled, and judgment on the verdict. The defendant is here as appellant.

At the trial; the evidence relied on by the defendant to prove a fraudulent transfer of the property was wholly circumstantial. Its sufficiency or insufficiency, which we need not discuss here, was, of course, in the province only of the trial jury to determine. We notice certain features thereof, only in so far as may be necessary to the discussion of the assignments of errors now before us.

Gary, the original vendor of said property, was indebted to one Nolan. (a banker of Harrold, Hughes county, where the property was situated) in the sum of about $150, secured by chattel mortgage on the same. On the seventh of January, 1885, Nolan bought of Gary the property for $800, deducting the amount of the mortgage from the purchase price, and paying the difference in cash. He took a bill of sale to himself as of that date, and on the same day sold the property to the plaintiffs for $800, assigning to them, "without recourse," on the back of said bill of sale, the property therein described, being the property in question in the case at bar. Both sales were for a lumped sum, as no inventory of the property was taken as the basis of either. Plaintiffs, in making their affidavit in claim and delivery in this action, swore that the value of the property was $1,500.

Upon the cross-examination of Leach, one of the plaintiffs, the following question was propounded: "Question: If you swore then [meaning in the making of said claim and delivery affidavit] 'that the actual value of said property, according to

this affiant's best judgment and belief, is fifteen hundred dollars,' was that statement true or false?'' The trial judge sustained an objection to this question, which ruling the defendant excepted to, and which he assigns as error. The ruling was not incorrect. The witness had previously stated in his cross-examination that the property was worth $1,200 or $1,500 to plaintiff's in connection with the lumber business which they carried on; that, at the time the affidavit was made, it was worth $1,500. Obviously, then, he had already, in substance, answered the same question; had stated that, according to plaintiff's standard of value,—their expectation of working off the property in connection with their lumber business,—the affidavit was true. An answer to the excluded question would have simply been a renewed assertion of the truth of the affidavit, according to that standard. While the trial court might have permitted the question to be propounded, in the discretionary latitude often allowed in cross-examination, without error, yet its exclusion was equally without error; and certainly the trial court should not be criticised for finding it unnecessary, in the interest of justice, to see how neatly or otherwise the witness could translate the absolute, metaphysical standard of truth and falsehood assumed by the question into the relative standard applicable to every day affairs.

To the vendor, Gary, called as a witness for the defendant, the following question was propounded in direct examination: ''Question. Did you ever make any inventory of the stock of goods before you sold to Nolan?'' An objection to this question, as immaterial, was sustained. This ruling is also assigned as error. We need not decide whether the evidence sought to be obtained by the question was material or not, as it appears from the appellant's transcript that the question was in fact answered by the witness,—whether directly and before the court ruled upon the question, or as an answer in part to some other question, we cannot determine. But we find the words, ''I did not make any inventory of stock at time I sold;'' and, as it does not appear that they were stricken out, the de-

fendant could not have been prejudiced by the court's ruling on the question itself.

It is also assigned as error that the court below refused to give to the jury two certain instructions on the part of the defendant, which we notice separately.

The first instruction refused is as follows: "If you find that the design of W. H. Gary in transferring his property was to delay or defraud his creditors, and that Leach & Young, the plaintiffs in this case, had no actual knowledge of the fraud, or notice of such fraudulent design, yet, if you find that the circumstances and facts surrounding the purchase of Leach & Young are such as would put a prudent man upon inquiry, which, if prosecuted diligently, would have disclosed the fraudulent design of W. H. Gary, then you will find that the purchase of Leach & Young was not *bona fide.*" The instruction was rightly refused, it being manifestly erroneous in this: that it ignores completely Nolan's share in the transaction. If Nolan bought of Gary in such a way as to give him (Nolan) a good title as against Gary's creditors, then that fact would protect Leach & Young, the plaintiffs; there would have been no need for them to look further. True, the jury might have found that Gary had such fraudulent design, and that Nolan was either a party to it, or had such notice of it as would have virtually made him a party; might have further found that the plaintiffs were in the same category; but, unless they did so find as to all these links, they could not find the plaintiffs' purchase fraudulent, as against creditors, and, of course, could not be rightly charged to draw the final conclusion, unless they were charged as to what intermediate links of fact were necessary to be found to justify such conclusion.

The other instruction asked on the part of the defendant, and refused, is as follows: "If you find that the transaction involving the property in question, between W. H. Gary, Thomas S. Nolan, and the plaintiffs in this suit, was in fraud of creditors rights, as explained in these instructions, and the fraud obstructs the enforcement of legal process, the creditor's right to take said property, then you will find for the defend-

ant." Appellant could not complain of the refusal to give this instruction, even if it were properly drawn; for the substance of it is fully covered by instructions given by the trial judge of his own motion. Besides, it would have been error to give the instruction as drawn, because it assumes that plaintiff's title, whatever it was, grew out of one transaction to which they and Nolan and Gary were all parties. While it lay with the jury to so find, such finding was not to be assumed as the basis of an instruction.

We think that the charge of the court below, as a whole, states the law very favorably for the defendant. The issues were simple, and the only thing of importance in which the jury needed the guidance of the court was as to what elements of fact there must be to make a sale fraudulent as to creditors. We quote from the learned judge's charge, the vital portion thereof, as follows:

"I also instruct you that a conveyance or sale of personal property, made with the intent on the part of the seller to delay or defraud creditors in the collection of debts, and that intent be known to or participated in by the vendee or buyer, is void against creditors, although for a good and valuable consideration.

"I also instruct you that a transfer of personal property, made with intent on the part of the seller to delay and defraud his creditors, and the party to whom the transfer is made has knowledge of the facts and circumstances from which such fraudulent intent might reasonably and naturally be inferred by an ordinarily cautious person, is fraudulent and void against the rights of creditors.

"The court instructs you that if the seller transfers his property with intent to delay or defraud his creditors, and the grantee or buyer has knowledge that such transfer is made for that purpose, it will be void against the creditors, although the grantee has no desire or wish to defraud the creditors."

Now, in the light of the three paragraphs just quoted, and certainly as favorable to the defendant as the law will permit, we cannot see that he can complain of the following portion of

the charge: ''I further charge you that if Nolan purchased from Gary in good faith, free from all intent to aid or assist Gary in cheating or defrauding or delaying his (Gary's) creditors, the title that Young & Leach received from Nolan will protect Young & Leach.''

Appellant specially excepted to that portion of the charge last quoted, and insists that it may well have misled the jury; for that ''Nolan might have purchased in good faith, yet it would be a fraudulent purchase;'' citing in support thereof Alvarez v. Brannan, 7 Cal. 503, where it was held that, ''even where there is no intention to defraud, there may be such an amount of gross carelessness as to constitute conclusive evidence of a fraudulent intent.''

In view of the brevity of the charge, and the fact that, just before the instruction in question, came the three paragraphs above quoted, with their circumstantial setting forth of the facts which invalidate a sale as between the vendee and the vendor's creditors, thus limiting and qualifying the expression ''in good faith,'' we cannot think there was error in the paragraph under discussion. We apply to the charge, as a whole, the familiar rule: ''The whole charge must be taken together; and when, as a whole, it gives a full and correct statement of the law, an isolated part of it, which by itself might be considered erroneous, will not vitiate the charge as a whole.'' Territory v. Chartrand, 1 Dak. 363; U. S. v. Adams, 2 Dak. 305, 9 N. W. Rep. 718; Spencer v. Toser, 15 Minn. 146, (Gil. 112;) Laurel v. State Bank, 25 Minn. 48.

Nor can we hold with appellant's counsel that the judgment rendered is contrary to law, in that it is not supported by the verdict. The verdict is general in form, and, while not specially finding on each issue in accordance with the statutory direction as to the form of a verdict in claim and delivery action, may be regarded in legal effect, as finding for the plaintiffs on all the issues, and therefore as warranting the judgment that was rendered upon it.

We are of the opinion, on the whole record, that substantial justice has been done between the parties below, and the judgment is accordingly affirmed. All the justices concur.