Anton HAUGEN, Plaintiff and Respondent,

v.

MID–STATE AVIATION, INC., a North Dakota Corporation, Defendant, Third-Party Plaintiff, and Appellant,

v.

Kenneth HAUGEN, Third-Party Defendant and Respondent.

No. 8319.

Supreme Court of North Dakota.

Aug. 30, 1966.

Vogel, Ulmer & Bair, Mandan, for plaintiff and respondent.

Higgins & Christensen, Bismarck, for defendant, third-party plaintiff, and appellant.

Palda, Palda, Peterson & Anderson, Minot, for third-party defendant and respondent.

STRUTZ, Judge.

The plaintiff, a retired farmer seventy-seven years of age, was seriously injured while riding in the front seat of a car driven by his son, third-party defendant Kenneth Haugen. As the automobile in which the plaintiff was riding crested a knoll in the highway, the defendant's airplane was standing on the highway some distance below the knoll. The plaintiff's own evidence discloses that the distance from the top of the knoll to the point where the defendant's plane obstructed the road was 285 feet. The evidence is also undisputed that the plane could have been seen by the driver of a vehicle coming over the knoll at a point forty feet before the car reached the crest of the hill. There also is evidence that, as the car approached the knoll, the driver momentarily glanced toward the back seat to talk with a brother with whom he was engaged in farming operations. At the time the car approached the crest of the knoll, it was being driven at an estimated speed of from forty-five to fifty-five miles an hour.

On seeing the airplane blocking the highway, the driver of the car took to the ditch to avoid colliding with the plane. The car struck an approach of an intersecting highway, throwing the plaintiff from the automobile and causing the personal injuries complained of.

The court, in submitting forms of general verdicts to the jury, submitted two written interrogatories to be answered, requesting the jury to answer the interrogatories and to return general verdicts. The jury returned a general verdict for the plaintiff in the main action and for the third-party defendant on his counterclaim in the third-party proceedings, but failed to answer the interrogatories which had been submitted to it. When the jury returned these verdicts, counsel for the defendant and third-party plaintiff was not present in court. The court noted the failure of the jury to answer the interrogatories, but was told by the foreman that the answers were "on the back." After the jury had been discharged and had dispersed, it was discovered that no answers to the interrogatories had, in fact, been given.

The verdicts returned by the jury were for the plaintiff and for the third-party defendant on his counterclaim.

Whether the evidence was sufficient in the case to justify either verdict is not before us, for the appeal is taken from the judgments only. No motion for directed verdict in either case was made by the defendant and third-party plaintiff, and no motions for new trial based on specifications of error were made in the lower court.

■ This court has held that any person who wrongfully renders a public highway dangerous for travel by placing obstructions

thereon must respond in damages to anyone injured in consequence of such obstruction. Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A.,N.S. 1111.

■ Whether the evidence in this case is sufficient to support the verdicts of the jury against the defendant and third-party plaintiff for obstructing the highway by placing an airplane on it cannot, therefore, be considered on this appeal. The appeal is from the judgments only, and, where an appeal is from the judgment only, the sufficiency of the evidence to support the verdict returned by the jury cannot be considered by this court on appeal. Marsden v. O'Callaghan (N.D.), 77 N.W.2d 522.

■ Thus issues which might have been raised on an appeal from an order denying a motion for judgment notwithstanding the verdict, or from an order denying a new trial, are not reviewable on an appeal from a judgment only. Jager v. Grommesh (N.D.), 77 N.W.2d 873.

Our consideration, therefore, is limited to whether the court committed reversible error in the trial of the lawsuit. In support of its appeal, the defendant raises the following issues:

1. That the court erred in refusing to admit certain evidence;

2. That the court erred in refusing to give defendant's requested instruction No. 1; and

3. That the judgments entered in the case are a nullity because the jury failed to answer any of the special interrogatories submitted to it by the court with the general verdicts upon which the judgments were rendered.

We will consider these issues in the order in which they are set out.

■ The first claim of legal error is based on the refusal of the trial court to admit certain evidence. The first such instance occurred when the defendant was cross-examining the officer who had investigated the accident. The officer was asked:

"Q. Do you recall what is the approximate maximum or minimum stopping distance of a car on a road such as number 5, as you found it that morning, traveling at a speed of fifty-five (55) miles per hour?"

To this question, counsel for the third-party defendant stated:

"Just a minute. Would you answer the question yes or no, please. Your [sic] asking for opinion."

The court then interjected the following:

"Not that but there has been no testimony the man was going fifty-five (55) miles an hour. Sustained, assuming a fact not in evidence."

We fail to see how the defendant can claim error when, immediately following the court's statement, counsel for the defendant stated:

"All right, your honor. I was thinking of the * * * I guess my recollection was on counsel's statement, it hasn't been covered yet."

Thus counsel for the defendant clearly admitted that his question assumed a fact not in evidence.

■ Another instance of legal error claimed by the defendant in the exclusion of evidence is in the direct examination of one of the defendant's employees. The defendant was attempting to show the necessity of landing on the road near the fields which were being sprayed, for the purpose of refueling and for taking on more spray, instead of flying back to the airport for such purposes. In this connection, counsel for the defendant was asking about the kinds of sprays, the types of crops, the size of farms, etc. The trial court finally stated that there was no issue on the matter of spraying. When counsel stated that the purpose was to show why

the road was used for landing, the court stated:

"Well, then go to the point. Why talk about the mixture and the price of that process and the size of the fields. If you are going to show why they have to land in re-fueling with different kinds, show that."

Again, after a considerable colloquy between the court and counsel for the defendant, the court stated:

"I can't see why we should try [a] matter that nobody questions and not in the pleadings and not in issue and not denied; and we waste fifteen minutes about [a] matter that is wholly foreign. The question is, who is liable and what happened with respect to where these 'planes were shown on that highway. Why were they there? Limit the examination to that phase of it."

Counsel then continued to ask questions on the types of chemicals that were being used and how these chemicals were carried from field to field, and the court finally interjected:

"Does the price change in mixture and contract from customer *effect* [sic] the matter of parking 'planes on the highway?"

■ Counsel for the defendant objected to the fact that the trial judge, on several occasions during the trial, interrupted the questioning of witnesses by the defendant, even though no objection had been made by opposing counsel. A trial judge should, of course, maintain at all times an impartial attitude in the trial of the case over which he presides. He should not, by word, by question, by his attitude, or by any conduct on his part, do anything which may influence the jury in its consideration of the case. He should make no remarks which would show bias on his part in favor of any party to the lawsuit. Other than that, however, the trial judge is allowed great latitude and discretion in

conducting the trial and, except for an obvious abuse of that discretion, his conduct of the trial will not be grounds for reversible error. The trial judge is the one who determines how the trial should be conducted. It is within his discretion to keep the trial of the case within reasonable bounds and, where counsel for the defendant was going into collateral and immaterial matters, it was within the legal discretion of the trial court to keep the questioning within bounds.

We have examined the record, and we do not believe the trial court's conduct of the trial of this case constituted reversible error. 88 C.J.S. Trial § 36(a), p. 91.

■ The next instance cited by the defendant of the trial court's refusal to admit evidence which the defendant contends was competent is in connection with testimony to show how long it took the pilot of the plane, after landing on the highway, to get out of his plane. The defendant later had conducted a test to determine the time it took to get out of the plane and get out of his harness, and counsel was inquiring in regard to this test. Objection was made that there was no proper foundation for permitting testimony on the results of such a test, since there was no showing that there were like or similar circumstances and conditions existing at the time of the test that existed at the time of the accident. The court then sustained the objection, stating:

"Well, I think the objection is sound. There has not been enough similarity established to render the testimony competent. If he knows how long a time it took out there, of course, he can testify as to that, at the scene of the accident, but not any test he made afterwards. If he knows from his experience approximately how long his movements usually took, he can testify to that but as to basis of comparable tests, no proper foundation has been laid. Sustained."

Thereafter, the witness was asked if he knew how long, from his experience, it took after the plane had stopped to take off his harness, to take off his helmet, and to step out as he had just before the accident, and he answered, "Approximately five (5) seconds." The witness having been permitted to give his estimate, based on his long experience, of the time this required, there was no error in this ruling by the trial court.

It is not necessary to discuss each of the numerous other instances set out. We have examined them all, and find no reversible error.

One additional instance of exclusion of evidence that might seem important in a trial of this case was an inquiry as to the brakes on the automobile. The defendant claims error because the court refused to allow the driver of the car to answer the following question:

"Q. After the accident. Did you have anyone work on those brakes?"

Without any objection being interposed by opposing counsel, the trial court objected in the following language:

"He already said a couple of times, you asked him first on direct and he asked him again, this is the third time."

The court then pointed out that the condition of the brakes after the accident was not important. He stated:

"The question is, what condition was it in as of that time? Sustained."

While the court should allow a great deal of latitude in cross-examination, he is in charge of the trial. Since the early case of Young v. Harris, 4 Dak. 367, 32 N.W. 97, this court has held that when a witness, on cross-examination, has testified to a certain fact, it is not error on the part of the trial court to refuse to permit a repetition of such evidence. He need not permit numerous repetitions of questions which have already been asked and answered.

The next claim of legal error by the appellant is that the trial court refused to give the defendant's requested instruction No. 1. This requested instruction reads as follows:

"I charge you that everyone has a legal right to expect that others shall obey the law and operate in a lawful manner until they know, or should know, that the other person or persons are not obeying the law, and that this principle applies to the users of airplanes as well as to those who use motor vehicles."

This requested instruction was marked by the trial court, "Given in substance."

The instruction which the trial court gave, in lieu of the requested instruction, reads:

"I charge you that Kenneth Haugen and the defendant and its employees had the right to assume that others using said highway would observe the rules of the road and to act upon that assumption."

Thus the instruction which the defendant requested was given in substance. Kenneth Haugen, the third-party defendant, and the defendant and its employees were the only ones who were using the highway at the time of the accident, and each had a right to assume that the other would observe and obey the law in the use of such highway. While a trial court has the duty to fully and fairly instruct the jury on the law governing issues involved in the case, it need not give requested instructions when the matter covered by such requested instructions is already fully and fairly covered by a charge given, even though the requested instruction correctly states the law involved in the case. Stokes v. Dailey (N.D.), 97 N.W.2d 676; Sheets v. Pendergrast (N.D.), 106 N.W.2d 1; Gravseth v. Farmers Union Oil Co. of Minot (N.D.), 108 N.W.2d 785; King v. Railway Express Agency, Inc. (N.D.), 107 N.W.2d 509; Stetson v. Investors Oil, Inc. (N.D.), 140 N.W.2d 349.

Finally, the defendant alleges that the judgments entered are a nullity because the jury failed to answer any of the special interrogatories submitted by the trial court with its forms of general verdicts. The defendant contends that the answers to these interrogatories were essential and necessary to the entry of judgment.

Rule 49(b), North Dakota Rules of Civil Procedure, under which the trial court submitted the special interrogatories to the jury with the appropriate forms for general verdicts, provides:

"(b) GENERAL VERDICT ACCOMPANIED BY ANSWER TO INTERROGATORIES. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial."

This rule authorizes the court to submit to the jury written interrogatories on one or more issues of fact upon which the verdict necessarily depends. The purpose of the rule is that, by answering written interrogatories, the jury will of necessity give close attention to the important issues, and the answers that it gives to such interrogatories will serve as a check upon the correctness of the general verdict which is returned. As pointed out in Barron & Holtzoff, Federal Practice and Procedure, Volume 2B, Section 1058, at page 354, the submission of interrogatories is discretionary, and if the court's charge to the jury comprehensively covers all material issues, refusal to submit interrogatories which the court considers unnecessary because the matter has been covered in the charge, is not an abuse of discretion.

But the defendant contends that where the interrogatories are, in fact, submitted, they must be answered, and the failure of the jury to answer them is legal error. The failure of the jury to answer interrogatories is not fatal if the general verdict can be supported by evidence in the record. Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B, Sec. 1058, at p. 356.

It was within the trial court's discretion to submit or refuse to submit written interrogatories on one or more of the issues, the decision of which was necessary to a verdict by the jury. It also was within the court's discretion to accept or reject the general verdict when the jury failed to answer the interrogatories, and such acceptance of the verdict was not an abuse of discretion.

We would point out that the special interrogatories submitted to the jury in this case dealt entirely with the question of negligence of the third-party defendant. One of the verdicts returned by the jury was

for the third-party defendant on his counterclaim against the defendant and third-party plaintiff. The return of such verdict for the third-party defendant clearly shows that the jury did not find negligence on the part of such third-party defendant. The court's charge to the jury comprehensively covered all material issues, and, the matter having been covered in the charge, the acceptance of the verdict without answers to the interrogatories relating to the third-party defendant's negligence was not an abuse of the trial court's discretion.

There being no error shown, the judgments appealed from are affirmed.

TEIGEN, C. J., and ERICKSTAD, MURRAY and KNUDSON, JJ., concur.