STATE of North Dakota, Plaintiff
and Appellee,

v.

Walter Green BILBREY, Defendant
and Appellant.

Cr. No. 954.

Supreme Court of North Dakota.

April 24, 1984.

Peter A. Quist, Asst. Atty. Gen., Securities Commission, and Patricia Burke, Asst. State's Atty., Bismarck, for plaintiff and appellee; argued by Peter A. Quist, Bismarck.

Pulkrabek & Tuntland, Mandan, for defendant and appellant; argued by Benjamin C. Pulkrabek, Mandan.

GIERKE, Justice.

Walter Bilbrey has appealed from a judgment of conviction for violating North Dakota securities laws. We affirm.

Bilbrey was tried on three informations charging 12 counts of offering for sale or selling securities without being registered as a dealer or salesman in violation of Section 10–04–10, N.D.C.C.; 12 counts of offering for sale or selling unregistered securities in violation of Section 10–04–04, N.D.C.C.; and one count of fraudulent practices in violation of Section 10–04–15(3), N.D.C.C.

Evidence presented at trial indicated that during the period from July, 1977, through April, 1979, Bilbrey offered for sale and sold securities issued by two corporations to several people. The securities, which had never been registered in the office of the North Dakota Securities Commissioner, consisted of promissory notes, promissory notes convertible to common stock, and common stock. Other than the period from June 17, 1969, to March 27, 1973, Bilbrey had never been registered with the securities commissioner as a dealer or salesman. There was evidence tending to show that in connection with offers and sales of securities Bilbrey made untrue statements and omitted material facts.

After lengthy deliberations, the jury returned a verdict finding Bilbrey guilty of all 25 counts. Judgment of conviction was entered and Bilbrey has appealed, raising three issues relating to the trial court's instruction defining "willfully", the court's refusal to instruct the jury to disregard testimony relating to an exhibit, and a comment by the court about an exhibit.

At the time of the offers and sales in issue, Section 10–04–18, N.D.C.C., provided:

"*10–04–18. Penalties.*—Any person who willfully violates any provision of this chapter or any rule or order of the commissioner made pursuant to the provisions of this chapter, or who engages in any act, practice, or transaction declared by any provision of this chapter to be unlawful shall be guilty of a class C felony." [1]

The trial court instructed:

" 'Willfully' means intentionally, in the sense that the Defendant was aware of what he was doing. A 'willful' violation of the law is one which is voluntary as distinguished from accidental.

"The State need not prove the Defendant acted with an evil motive or with the knowledge that he was violating the law."

Bilbrey requested the trial court to define willfully as it is defined in Section 12.1–02–02, N.D.C.C., [2] and asserts that the

---

1. The section was amended (S.L.1979, ch. 151, § 6) to make violation a class B felony. The section was again amended (S.L.1981, ch. 132, § 7) to read:

   "*10–04–18. Penalties.*
   1. Any person who willfully violates any provision of this chapter or any rule or order of the commissioner made pursuant to the provisions of this chapter, or who engages in any act, practice, or transaction declared by any provision of this chapter to be unlawful shall be guilty of a class B felony.
   2. As used in this section, the term 'willfully', except as it applies to subdivisions a and b of subsection 1 of section 10–04–10.1 and subsections 2 and 4 of section 10–04–15, means that the person acted intentionally in the sense that he was aware of what he was doing. Proof of evil motive or intent to violate the law or knowledge that the law was being violated is not required."

   \* \* \* \* \* \*

2. "*12.1–02–02. Requirements of culpability.* —1. For the purposes of this title, a person engages in conduct:
   a. 'Intentionally' if, when he engages in the conduct, it is his purpose to do so.
   b. 'Knowingly' if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so.
   c. 'Recklessly' if he engages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct, except that, as provided in section 12.1–04–02, awareness of the risk is not required where its absence is due to self-induced intoxication.

   \* \* \* \* \* \*

   e. 'Willfully' if he engages in the conduct intentionally, knowingly, or recklessly."

court erred in instructing as it did. As we noted in *State v. Goetz,* 312 N.W.2d 1, 11 (N.D.1981), *cert. denied,* 455 U.S. 924, 102 S.Ct. 1286, 71 L.Ed.2d 467 (1982), the problem exists because Section 10–04–18, N.D. C.C., uses the word willfully without defining it. We have held that Section 12.1–02–02, N.D.C.C., "applies only to the offenses or crimes described in Title 12.1, N.D.C.C.," (*City of Dickinson v. Mueller,* 261 N.W.2d 787, 789 (N.D.1977)) and not "to earlier statutes which were not repealed by the codification, . . ." (*State v. North Dakota Education Association,* 262 N.W.2d 731, 734 (N.D.1978)). Section 12.1–02–02, N.D. C.C., does not apply to Section 10–04–18, N.D.C.C. *See State v. Goetz, supra, citing Mueller* and *North Dakota Education Association, supra.*

In *State v. Goetz, supra,* the trial court instructed substantially in accord with Section 12.1–02–02, N.D.C.C., but deleted "recklessly." Bilbrey asserts that this Court approved that instruction in *Goetz* and that the same instruction should have been given at the trial in the instant case.

We did not approve the instruction given in the *Goetz* trial. We said, 312 N.W.2d at 12: "Goetz benefited from the instruction given . . . because it required the State to prove 'willfully' at or greater than the standard required under the Criminal Code." We went on to state, 312 N.W.2d at 12–13: "We find persuasive the Federal and State court cases which have decided that proof of evil intent is not required to show a willful violation under similar provisions of securities laws."

Section 10–04–03(2), N.D.C.C., requires the securities commissioner to cooperate with other administrators of securities laws "with a view toward achieving maximum uniformity in the interpretation of like provisions. . . ." This evinces a legislative determination that similar provisions should be similarly interpreted. Section 409(a) of the Uniform Securities Act (1956), which has been adopted in a majority of the states, contains the language "Any person who willfully violates any provision of this act . . ." but does not define "willfully."

The Commissioners' note to Section 409 directs one to the comment under Section 204(a)(2)(B). That comment states:

"As the federal courts and the SEC have construed the term 'willfully' in § 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78*o*(b), all that is required is proof that the person acted intentionally in the sense that he was aware of what he was doing. Proof of evil motive or intent to violate the law, or knowledge that the law was being violated, is not required. The principal function of the word 'willfully' is thus to serve as a legislative hint of self-restraint to the Administrator."

■ For the foregoing reasons, we conclude that the trial court did not err in instructing as it did on the meaning of "willfully."

Bilbrey's next issue is whether or not the trial court erred in refusing Bilbrey's request to instruct the jury to disregard testimony relating to an exhibit. When the State offered exhibit 44, which was a copy of a Missouri cease and desist order, Bilbrey objected and requested that the jury be asked to disregard the testimony previously given. The trial court responded by saying:

"That they've heard and there's been no objection to it.

"The objection is sustained. If there's nothing more to say, we'll go on."

Nothing more on the subject was said and they went on.

■ Bilbrey did not pursue his remedy of again urging the court to order the testimony stricken and to admonish the jury to disregard it, and he cannot now claim that he was prejudiced. *State v. Johnson,* 231 N.W.2d 180 (N.D.1975). Moreover, in view of other evidence before the jury, we discern no possibility of prejudice to Bilbrey. The error, if any, was harmless. See Rule 52, N.D.R.Crim.P., and the explanatory note thereto.

The final issue raised relates to the following comment made by the trial court in receiving into evidence defendant's exhibit

**4**

35, which contained agreements to make rescission offers after the offers and sales in issue were made:

"35 is received into evidence. I sure hope the Jury can keep track of all this. I'm becoming concerned that the Jury is going to be confused, and I'm not going to allow too much more of this kind of evidence."

■ Bilbrey asserts that the above comment was prejudicial. We discern no possibility of prejudice. In *Haugen v. Mid-State Aviation, Inc.*, 144 N.W.2d 692, 696 (N.D.1966), cited by both parties, we said that the trial judge:

"... should make no remarks which would show bias on his part in favor of any party to the lawsuit. Other than that, however, the trial judge is allowed great latitude and discretion in conducting the trial and, except for an obvious abuse of that discretion, his conduct of the trial will not be grounds for reversible error. The trial judge is the one who determines how the trial should be conducted. It is within his discretion to keep the trial of the case within reasonable bounds and, where counsel for the defendant was going into collateral and immaterial matters, it was within the legal discretion of the trial court to keep the questioning within bounds."

In our view of the record, the trial court's comment was neither indicative of bias nor a prejudicial adverse comment on the quality of Bilbrey's evidence, but an admonitory reminder to counsel for both parties to refrain from further incursions into collateral and immaterial matters.

In our review of the issues raised and of the record, we have found no prejudicial error and the judgment of conviction is therefore affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.