FRANCISCO, Respondent, vs. HATCH, imp., Appellant.

*February 24—March 21, 1903.*

*Action, tort or contract? Changing cause of action at trial.*

1. A complaint setting forth the making of a contract for the sale of land by plaintiff to one of the defendants through the agency of the other, and then alleging conspiracy, fraud, and concealment on the part of the defendants with respect to the payment for the land, whereby they defrauded and cheated plaintiff out of the sum of $2,000, for which sum judgment is demanded against both defendants, is *held* to state a cause of action in tort, and not one upon contract for the recovery of a balance of the purchase price of the land.

2. An action in tort cannot be changed upon the trial to an action upon contract, against the defendant's objection.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action at law for the recovery of damages in the

sum of $2,000. The complaint alleges, in substance, that
for a long time prior to January 8, 1900, the defendant
owned a farm of seventy-five acres of land in Sauk county,
Wisconsin, a description of the same being given; that in
December, 1900, he employed the defendant L. C. Hitch-
cock, an attorney and real estate agent, for the purpose of
finding a purchaser for the said farm, and that in pursuance
of said employment Hitchcock claimed to have found a pur-
chaser for the same in the person of the defendant *Hatch;*
that about January 1, 1900, the plaintiff and *Hatch* met, and
it was agreed between them that *Hatch* should purchase said
farm for the sum of $3,500, and that in payment *Hatch*
should assume a mortgage upon the farm amounting to $995,
should assign to the plaintiff a certain note and mortgage
executed by one Southard and wife in the sum of $940, and
should pay in cash the sum of $1,565. The complaint then
proceeds as follows:

"Plaintiff further alleges that on or about the 8th day of
January last he met the said defendant at the office of the
said L. C. Hitchcock, at the city of Baraboo, for the purpose
of closing up said deal, and that he turned over said deed to
the said L. C. Hitchcock; that the said defendant *William
H. Hatch* was present, handed to the said Hitchcock a roll of
money and some papers, and stated that he would have to
leave at once, and that the said Hitchcock would conclude the
deal; that the said defendant *William H. Hatch.* then and
there expressly agreed that if the amount of money so left
with said Hitchcock was not sufficient, that he would pay the
balance due to this plaintiff upon demand thereafter; that
the said defendant *William H. Hatch* falsely and. fraudu-
lently represented and gave the said plaintiff to understand
and made him believe that the papers so turned over to the
said Hitchcock consisted of the note and mortgage heretofore
referred to as the Southard note and mortgage of $900, and
that said defendant Hitchcock then and there fraudulently
and falsely gave the said plaintiff to understand and made
him believe that the papers he so received consisted of the
said Southard note and mortgage; that the said defendant

Hitchcock paid to the said plaintiff at said time the sum of $595 in cash; that out of the moneys he received from the said *Hatch* he received $100 as and for his commissions and fees for services, and that it was then and there understood that the balance of money due was to be paid by the said *William H. Hatch* thereafter on demand; that the said defendant Hitchcock then and there falsely represented and claimed that he had to retain possession of the papers handed him by the defendant *Hatch* for the purpose of having put on record the assignment of the said papers from said *William H. Hatch* to the plaintiff.

"Plaintiff further alleges that after the conclusion of said deal, for the first time he learned that the papers so turned over by the said *Hatch* to the said Hitchcock for the plaintiff were not the note and mortgage of the said J. B. Southard, but consisted of two notes for $639.90 each, executed by one Laura S. Gray, bearing date the 28th day of September, 1891, made due and payable on or before one year after the date thereof, which said notes plaintiff is informed and verily believes are outlawed, and that they are worthless. Plaintiff further alleges that he never agreed to and never did accept the said Gray notes, and as soon as he learned the facts as hereinbefore stated he immediately demanded of the said defendants a return of his deed, agreeing to pay back the consideration received, but that the said defendants, and each of them, have refused so to do; that thereupon this plaintiff demanded of the said defendants the balance due upon said agreement, but that the said defendants, and each of them, have refused to pay any part thereof.

"Plaintiff further alleges that the said defendants conspired together for the purpose of cheating, defrauding, and beating this plaintiff; that it was secretly understood and agreed by and between the said defendants that the said Hitchcock should receive of the defendant *Hatch* the said Gray notes for and in place of the said J. B. Southard note and mortgage; that it was secretly agreed and understood by and between the said defendants that the said defendant Hitchcock should represent falsely and fraudulently to the said plaintiff that the papers so turned over by the defendant *Hatch* were the papers which the said plaintiff agreed to take as in the agreement hereinbefore specified. Plaintiff further

alleges, on information and belief, that the said defendants, by their said conspiracy and by their false and fraudulent transactions, did beat, defraud, and cheat this plaintiff out of the sum of $2,000, and that they shared in the gain thus fraudulently obtained.

"Plaintiff further alleges that he was not aware of the fraud perpetrated upon him; that he believed statements made to him by said defendants, relied upon them, and acted upon them, and believed the said L. C. Hitchcock to be a truthful and honest lawyer, and, as such, would protect his interests properly, and legally advise him as to his rights in the premises. Plaintiff further alleges that the transactions and the statements of the said defendants, as hereinbefore alleged, with reference to the said Southard and Gray notes and mortgages, were at the time known to be false by the said defendants; that they were so falsely and fraudulently made by them for the purpose of cheating and defrauding this plaintiff; that the said plaintiff has received nothing for his said farm, excepting the sum of $595, and that the said defendants have not, nor has either of them, paid anything therefor except the sum of $595, besides assuming a mortgage on the premises of $995; that by reason of the fraudulent acts of the said defendants said plaintiff has been greatly damaged in the sum of $2,000."

Judgment was demanded in the sum of $2,000, with costs.

The defendants *Hatch* and Hitchcock answered separately, each denying all allegations of conspiracy and fraud, and alleging, in substance, that the plaintiff agreed to accept the Gray mortgage as part payment for the farm.

At the opening of the trial, counsel for the appellant, *Hatch,* objected to the reception of any evidence under the complaint for the reason that the action was one in tort, and that the complaint did not state facts sufficient to constitute a cause of action. On this objection the court ruled as follows:

"The allegations of the complaint constitute the basis of an action upon contract for the recovery of the balance of the unpaid purchase price. It can therefore not be an action *ex*

*delicto.* The issues must be tried in view of this construction, and the objection of defendant *Hatch* must be overruled. To which ruling the defendant *William H. Hatch* then and there duly excepted."

The trial of the action thereupon proceeded on the basis of its being an action upon contract for the recovery of unpaid purchase money. At the close of the evidence the action was dismissed as to the defendant Hitchcock on the ground that no liability on his part had been shown, and was submitted to the jury as to the claim against the defendant *Hatch.* The court charged the jury in substance that the plaintiff's claim was that *Hatch* was to assume the mortgage on the farm, assign the plaintiff the Southard mortgage, and pay the balance of the purchase price, to wit, $3,500, in cash, and that he had attempted to deliver the Gray notes and mortgage to the plaintiff in place of the Southard note and mortgage and cash; that the defendant's claim was that he (*Hatch*) was to assume the mortgage on the farm, pay $700 in cash, and assign to the plaintiff the Gray notes and mortgage; and that the question was what the terms of the agreement were, and that, if the plaintiff was entitled to recover, he should recover the balance of the purchase price of the farm after deducting $995 and the $700 paid in cash. The jury returned a verdict for the plaintiff, and set his damages at $1,997, and from judgment thereon the defendant *Hatch* appeals.

For the appellant there was a brief by *R. E. Noyes,* and oral argument by *Rufus B. Smith.*

For the respondent there was a brief by *E. F. Dithmar* and *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans, H. H. Thomas,* and *E. F. Dithmar.*

Winslow, J. We think it clear that the trial judge was mistaken in construing the complaint as stating, or attempting to state, a cause of action upon contract. It is true that the making of a contract for the sale of land is first alleged, but these allegations are plainly inserted for the simple pur-

pose of showing the circumstances out of which the alleged fraud grew.    It was necessary to set forth the contract in order to make clear the bearing and effect of the subsequent fraudulent acts by which the plaintiff was claimed to have been defrauded at the time the parties came together to complete the transaction.    The allegations showing the making of the contract were entirely relevant, and in fact necessary, to a cause of action for fraud, while, on the other hand, the allegations of conspiracy, fraud, and concealment were entirely irrelevant and immaterial if the action was simply brought to recover unpaid purchase money.

It hardly seems necessary to consider the complaint in detail.    The allegations of conspiracy and fraud resulting in damage are too plain to be overlooked, and too significant to be considered as merely historical or incidental.    Again, the fact that Hitchcock was made a party, and all the appropriate allegations made which would render him liable for damages as a joint tort feasor, are very significant, and would suffice to turn the scale even in a case where the construction was really doubtful.    He is not a proper party if the action be one upon contract.

The action being one in tort, the conclusion necessarily follows that the court was in error in construing it as an action upon contract.    Having brought his action in tort, neither the plaintiff nor the court could change it into an action upon contract upon the trial against the defendants' objection. This principle is well settled in this state.

It follows that the trial was a mistrial from start to finish. The issues between the parties have never been tried.    Under this view it is unnecessary and probably improper to review the other rulings complained of.    Such a review could throw no light upon the questions which will arise upon the trial of the tort charged.

*By the Court.*—Judgment reversed, and action remanded for a new trial.