[Civ. No. 9989.   Third Dist.   Feb. 27, 1961.]

HARVEY HERBERT, Appellant, v. JOHN DELPHIA et al., Respondents.

Hanna & Brophy for Appellant.

Cleveland J. Stockton for Respondents.

WARNE, J. pro tem.*—Defendant made a motion to dismiss plaintiff's first amended complaint and for summary judgment. The trial court granted the motion and summary judgment was entered against plaintiff. Plaintiff appeals from the judgment.

Appellant in his first amended complaint alleges in substance the following facts: That appellant was employed by the respondents as a truck driver from November 1, 1952, until October 8, 1955; that during the period of employment the respondents were under contract to a labor union as bargaining agent for respondents' employees; that the contract provided for basic rates of payment for the work done by appellant; that on receiving his first paycheck appellant believed that the amount of payment was not in accordance with the provisions of the union contract and questioned an agent of the respondents; that the agent, acting in the course and scope of his employment, falsely and fraudulently and with the intent to deceive and defraud the plaintiff, represented to

*Assigned by Chairman of Judicial Council.

appellant that the respondents had entered into a separate agreement with the union which provided for a lower pay scale; that these representations were false and at the time known to the respondents to be false; that the appellant believed and relied upon these representations and was thereby induced to accept smaller payments than were actually due and that respondents willfully withheld part of the payment due; that despite diligent inquiries beginning November 7, 1952, regarding the terms and conditions of the special agreement which respondents alleged controlled appellant's rate of compensation appellant did not until February 14, 1958, become aware of the fact that no such special contract had been entered into between respondents and the union; that respondents refused to pay the amount actually due. Appellant prayed for the amount of wages withheld, interest, and exemplary damages.

On March 2, 1959, respondent John Delphia, in support of the motion for summary judgment, filed a declaration wherein he declared the following: that the collective bargaining agreement (incorporated by reference) provided for a "Grievance Procedure" under which disputes involving the payment of wages were to be brought before a board of arbitration set up by the parties; that neither the appellant nor the union on his behalf had instituted, pursued, or exhausted the remedies given under the arbitration clause. Respondent further alleged that in 1957 he advised the appellant that the grievance procedure set forth should be pursued.

Appellant filed a declaration in opposition to respondents' motion for said summary judgment wherein he declared that on February 4, 1959, he executed and filed a declaration in opposition to a prior motion for summary judgment made by respondents and that the statements contained in his prior declaration are true and correct. (It appears from the record that a similar motion had been made in respect to plaintiff's original complaint.) He further declared that upon reading the declaration in support of the motion, he, for the first time, became aware that respondent John Delphia conceded that the employment of appellant was covered by the collective bargaining agreement. Appellant also declared that during the entire time he was employed by respondents, the respondents and their agent informed the appellant that the contract did not cover his employment. Further, appellant states that if he had not been misinformed, he would have availed himself of the administrative remedies provided in the contract.

In his declaration of February 4, 1959, hereinabove referred to, appellant, in effect, reiterated the facts alleged in his complaint in further detail, and further stated: that during the period of his employment the appellant contacted the union, a representative of which advised appellant that the union would send a man to look into the situation; that nothing was done in this regard, but later the union representative advised appellant to file a claim with the office of the Labor Commissioner; that this was done on June 15, 1957; that in connection with his claim appellant prepared a chronological statement of the hours worked and the payment claimed under the collective bargaining agreement. This statement is annexed to the affidavit. Furthermore, appellant declared that the office of the Labor Commissioner advised him to bring a civil action; that appellant put the matter into the hands of one attorney who advised him that he had a good cause of action, but "took no steps in the matter" for nine months; that thereafter another counsel was obtained who commenced this action. Appellant further states that the facts stated in his declaration are within his personal knowledge; that if sworn as a witness he could testify competently to said facts and he declared under penalty of perjury that the facts stated in his declaration were true and correct.

We have concluded that appellant's complaint clearly states a cause of action to recover damages for actual fraud, rather than an action upon the union contract for wages due. It is based upon an alleged breach of an obligation imposed by law.

"Where a complaint states a cause of action in contract and it appears that this is the gravamen of the complaint, the nature of the action is not changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant. . . . Conversely, if the complaint states a cause of action in tort and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence or breach of a contract, which may be disregarded as surplusage, or treated as matter of inducement, as to show the relation between the parties and the existence and nature of the duty out of which the liability in tort arose." (1 C.J. 1016; see also *Francisco* v. *Hatch,* 117 Wis. 242 [93 N.W. 1118]; *Nathan* v. *Locke,* 108 Cal.App. 158, 161-162 [287 P. 550, 291 P. 286].)

Even if respondents' declaration did controvert the allegations of appellant's first amended complaint in the manner

hereinabove stated, a triable issue of fact was clearly raised by appellant's counter affidavit wherein he stated that upon reading respondents' affidavit for the first time he became aware that the respondents conceded that the employment was covered by the collective bargaining agreement. Appellant also declares that had he not been misinformed he would have availed himself of the administrative remedies in the contract.

The issue to be determined by the trial court in consideration of a motion for a summary judgment "is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case." (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264], citing many cases.) We quote from that case at page 556:

"If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally contrued to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

"For these reasons it may further be said that the affidavits of the moving party . . . should be strictly construed and those of his opponent liberally construed. [Citing cases.] And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]" In the case at bar the plaintiff-appellant was the nonmoving party.

Applying the law as hereinabove stated to the facts in the instant case we conclude that issues of fact existed and, therefore, the trial court erred in granting respondents' motion for summary judgment.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.