GEORGE W. & WILLIAM A. KENDALL v. D. A. WILSON.

*Perpetual Motion.    Illegal Contract.    Sale.*

The plaintiffs are entitled as matter of law to recover the entire sum which they paid the defendant for a perpetual motion machine and the secret of its construction, though the humbug was too transparent to deceive the prudent, and though the plaintiffs themselves, after the purchase, made use of the secret which the defendant revealed to them, it being established that the plaintiffs were in fact deceived into the purchase by the defendant's fraudulent representation that the machine embodied a principle which it did not, and that the plaintiffs had, on discovering the fraud, returned the machine to the defendant.

ACTION on the case. Declaration in two counts. Plea, the general issue. Trial by jury, September term, 1868, WILSON, J., presiding.

It appeared that on the 10th of June, 1864, the plaintiffs entered into an arrangement with the defendant, at Cambridge, Vermont, for the making, building and exhibiting certain machines, and purchased of the defendant eight machines and patterns, etc., for the common benefit of the concern, for $500, and the plaintiffs paid the defendant $200 therefor and agreed to pay the balance on the delivery of the machines and patterns, on the 18th of said month; that the name of said machines was

" Leache's curious invention called perpetual motion ;" that the defendant represented that said machine was a perpetual motion, and was caused to move by a perpetual shifting of the center of gravity ; that said machine would run until it was worn out; that the making, stringing and adjusting of the balls on the wheel was the great secret of the machine ; that the machine was operated by means of the balls and stringing of the wheel ; that the secret in the machine could not be discovered by one in a thousand without breaking solid metal ; that the plaintiffs represented they wanted it for exhibition, and inquired particularly whether it was free from fraud or deception, and unless it was they did not want it.

The plaintiffs' evidence tended to show that the defendant always represented that it was genuine perpetual motion, and was kept in motion by means of the balls in the wheel; that the defendant was to explain the machine and show as to the stringing of it after the money was paid by the plaintiffs ; that the plaintiffs believed said representations of the defendant as to the motive power of said machine and that it was genuine perpetual motion, and relying on the same closed the trade set forth in the declaration ; that one machine was delivered at the time of the contract ; that after the machine was delivered, the plaintiffs removed a brass plate on the machine and then discovered that the machine was operated by means of a clock spring concealed in the base ; that the plaintiffs then offered to return the machine, and demanded back their money, and the defendant refused to pay it back ; that the plaintiffs then brought this suit to recover the same. It appeared that the defendant accepted the machine when returned to him, and afterward disposed of it. It also appeared that after the plaintiffs discovered the secret, and returned the machine, they got some clock springs and put them into a machine manufactured by them, and showed it to a number of persons and explained to them the manner in which it was operated ; also that certain persons applied to the plaintiffs to buy their machine for exhibition, saying they did not care how it was operated as they only wanted it for exhibition ; that they had as lief have a humbug for that purpose as a genuine article.

The defendant's testimony denied the representations that the machinery was a perpetual motion and tended to show that the representations were that it was merely a curious machine having a concealed motive power; that the plaintiffs were informed that there was a secret about it but were not informed in what the secret consisted. The defendant introduced testimony tending to deny any fraud in the contract.

The plaintiffs' testimony tended to show that if said machines had been perpetual motion they would have been worth more than $250 each, but not being perpetual motion and being operated by clock springs they were of no value. There was no evidence that the plaintiffs ever derived any benefit from the machine or from the secret of its construction, and the testimony did not tend to show the secret was of any value.

Each count in the declaration set out the contract as the plaintiffs' evidence tended to prove it, but alleged that the plaintiffs were induced to make the contract and pay out their money by the false and fraudulent representations of the defendant in respect to the machine.

The defendant requested the court to charge the jury as follows:

" That in order to entitle the plaintiffs to recover back the $200 on the ground of false representations of the defendant, it was necessary that the plaintiffs show a rescision of the contract, and before they can have a right of recovery they must restore the defendant to the same condition as he was before the contract, so far as possible in every respect.

In this case the plaintiffs having by means of the contract obtained from the defendant the secret of the construction of his machine, and, after having full knowledge of the alleged fraud and the return of the machine to the defendant, made use of the secret so obtained, in the completion of a machine they had constructed, they can not avoid the contract; for having availed themselves of the knowledge obtained by means of the contract, and made use of it after knowing the fraud, they must be held as waiving the fraud if there was any. It does not vary the legal effect of this use of the secret that it was after the commencement of the suit.

Upon the ground of false representations, if the defendant informed the plaintiffs of facts himself, or if they had knowledge of facts respecting the machine in question from any source that

would lead a man of ordinary prudence and knowledge to infer that the machine was not what it was represented, there can be no recovery. In such case the only recovery that can be had is on an express warranty."

The jury were told in substance among other things, that if they should fail to find the alleged false representations, or find that the representations, if made, were not believed, and acted upon by the plaintiffs; or that the plaintiffs were possessed of such information respecting the machine, whether obtained by experiment or in any other way, as would lead men of common prudence and knowledge to believe or infer that the motive power was not such as the defendant represented; or if the plaintiffs could not have reasonably believed that the representations of the defendant were true; then in either case, the plaintiffs could not recover.

To the refusal of the court to charge as requested, and to the charge, wherein it was not in accordance with the requests, the defendant excepted. Verdict for the plaintiffs. After verdict the defendant moved in arrest of judgment alleging as the ground of said motion that the declaration contained one count in assumpsit joined with one in case. The court overruled said motion and rendered judgment on the verdict for the plaintiffs. To which the defendant excepted.

*Dewey & Noble* and *Benton & Wilson*, for the defendant.

*H. S. Royce*, for the plaintiffs.

The opinion of the court was delivered by

STEELE, J. The plaintiffs purchased of the defendant a machine which it was pretended embodied a new discovery in mechanics by which perpetual motion could be produced, but which in fact was a humbug, the motive power being ordinary clock work artfully concealed in the base of the machine. The plaintiffs having offered to return the machine, seek in this action to recover of the defendant the money they paid him for the article.

I. The main defence to this action set up by the defendant was that the plaintiffs made their purchase, understanding that the

machine was a humbug. If this defence had been established by the proof it would have been sufficient, for the plaintiffs would have received just what they bargained for. The jury have found that such was not the character of the purchase, but that the plaintiffs were imposed upon and parted with their money in reliance upon the defendant's false representation that the machine was what it purported to be. Under the charge of the court the jury have found beyond this, that the deception was so skilful that men of ordinary prudence and judgment would fail to detect it. This is more than the plaintiff was bound to establish in order to become entitled to a recovery, for the law will afford relief even to the simple and credulous who have been duped by art and falsehood.

II. But it is urged that the plaintiffs can not recover all they paid, because their purchase included beside the machine the secret of its construction, and this secret they have not been able to return, and have not even kept it to themselves, or refrained from using it. It is obvious that if they retain any part of their purchase, the plaintiffs can not be entitled as a matter of law to recover the whole of the purchase money, but the case shows that the secret which was communicated to them was not the secret they bargained for. The secret which the defendant *agreed* to impart was the art of " so stringing the balls on the rim of the wheel as to produce a shifting of the center of gravity and cause perpetual motion." The secret he did impart was that he himself possessed no such secret as he had bargained to communicate but that the whole motion was produced by concealed clock work. This latter secret was a cheat, and the plaintiffs did not buy it. On no principle can it be estimated in the defendant's favor in assessing the damages. It is true as urged, that the secret might have been valuable as a harmless and curious puzzle, and might have been sold as such, but such was not this case, as found by the jury. An agreement to communicate the secret of veritable perpetual motion is not answered at all by communicating the secret of concealing clock work so as to puzzle the uninitiated with the appearance of perpetual motion. If the entire consideration of the two hundred dollars had been this promise to instruct

the plaintiffs in the art of making perpetual motion, the plaintiffs, on learning that the defendant could not communicate the art, would have been entitled to the return of their money without any offer to rescind, and they would be under no obligation with reference to the other secret which was in fact communicated. Such other secret or information was not tangible property, and can not be considered as in any sense property or value, unless the parties, by fair agreement between themselves, stipulated to so treat it.    The secret not having been purchased, the plaintiffs were at liberty to treat it as a piece of information voluntarily imparted to them.

III.  The subsequent use of this secret which the plaintiffs did not buy. does not make them the debtors of the defendant, nor does it make their honest bargain for a different art or secret a *delictum*.    The maxim *in pari delicto potior est conditio defendentis* has, therefore, no application in determining the respective rights of the parties arising under this sale.    Instead of its appearing that the plaintiffs were equally in fault with the defendant, *in the contract*, it does not appear that they were in any fault.

IV.  It is true that in both counts of the declaration the plaintiffs set out a contract, but the *gravamen* of both counts is laid as the deceit by the practice of which the plaintiffs were induced to make a contract and part with their money.    Both counts are, therefore, in case *ex delicto* and there is no misjoinder.

Judgment is affirmed.