DAELEY BROS. *vs.* MINNEAPOLIS & NORTHERN ELEVATOR CO.

Opinion filed August 18th, 1894.

**Harmless Error.**

Errors assigned upon immaterial matters will not be reviewed.

**Erroneous Instructions—When Harmless.**

An error in the charge of the court to the jury which in no manner injured appellant is no ground for reversal.

**Refusal to Give Proper Instructions.**

It is not error to refuse to give to the jury instructions requested that are correct in law, and applicable to the case, where the charge already given fairly and properly covers every point presented in the rejected instructions.

Appeal from District Court, Ramsey County: *Morgan*, J.

Action by John Daeley and Richard Daeley, copartners as Daeley Bros., against the Minneapolis and Northern Elevator Company, commenced in a Justice's Court, and taken on appeal by defendant to the District Court. From a judgment for plaintiff's, defendant appeals.

Affirmed.

*John M. Cochrane*, for appellant.
*J. F. O'Brien*, for respondents.

BARTHOLOMEW, C. J.   This case originated in Justice's Court, and has been stubbornly contested by the defendant in all its stages to this court. It reaches here with more than 50 errors assigned. Much matter seems to have been litigated that had no possible bearing upon the case. Most of the errors assigned pertain to such matters, and will not be further noticed. The one decisive issue in the case was exceedingly simple. In March, 1892, respondents delivered to appellant, at one of its elevators, a certain quantity of wheat. This wheat was graded by appellant's agent as No. 2 Northern, and the usual wheat checks issued to respondents therefor. By the terms of this check, appellant agreed to deliver to respondents, on demand, the same quantity of wheat of

like grade. Some months later, respondents demanded the wheat. The whole controversy arose over the quality of one car load of wheat returned to the respondents. They claimed that it was one grade inferior, and was in fact No. 3 Northern. This was denied. Respondents, at the trial, sought to establish the grade of the wheat through a sample which one of the respondents testified he took from the top and about the center of the car after it was loaded. He also testified that the first 200 bushels were loaded in the east end of the car, and contained much more dirt than the balance of the car. The tendency of this testimony was to show that the sample thus taken was at least a fair sample of the entire car load. It was abundantly shown, and not disputed, that this sample was No. 3 Northern. For appellant, its agent testified that a sample taken from the top and center of a loaded car of wheat would not be a fair sample, as the wheat being heavier than the dirt would have a tendency to leave the dirt at the top. He also testified, as did another employe of the appellant, that, from inspection of the wheat at the time it was loaded, he judged it to be No. 2 Northern. This was all the testimony on the point, and it was enough to go to the jury; and, in answer to a special interrogatory, the jury found the grade of the wheat in that car was No. 3 Northern, and they returned a general verdict for the respondents for the difference in value between this car load of No. 3 Northern and the same quantity of No. 2 Northern. The court's instructions to the jury eliminated the nonessential matters from the case, and submitted only these points: *First.* What was the grade of the wheat delivered by respondents to appellant? *Second.* What was the grade of the wheat in this car in controversy? *Third.* If there was a difference in the grades, what was the difference in value?

It is urged that it is error to submit the first proposition to the jury. Technically that is correct. The wheat ticket issued by appellant to respondents called for No. 2 Northern, and that ticket was the contract between the parties, and there was no claim that it did not correctly state the grade; hence the court

should have told the jury that the respondents delivered No. 2 Northern. But, in answer to the special interrogatory, the jury so declared; hence no possible injury resulted to the appellant. Nor do we find merit in any of the assignments of error based upon the charge as given. Appellant's counsel presented carefully prepared instructions, enunciating correct legal principles and generally applicable to the case. These the court refused to give. A careful reading of the charge as given shows that the court had fairly and properly covered every material point presented by the instructions refused; hence, under a familiar rule, the court was warranted in refusing them. We think justice was done in this case, and there is no error that calls for a reversal.

The judgment is affirmed. All concur.