## WM. S. LAMBERT, Respondent, v. JNO. T. JONES, Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

**Pleading:** DECEIT: CONTRACT: INSTRUCTION: EVIDENCE: VARIANCE. The petition summarized in the opinion sounds in deceit and not in contract, and the instructions are within the pleadings and the evidence supports the verdict.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Dobson & McCune* for appellant.

(1) A party can not sue upon one cause of action and recover upon another—can not sue in tort and recover in contract. Link v. Vaughn, 17 Mo. 585; Clements v. Yeates, 69 Mo. 623; Sumner v. Rogers, 90 Mo. 324; Murphy v. Bedford, 18 Mo. App. 283; Phillips v. Mastbrook, 24 Mo. App. 133; Robbins v. Railroad, 34 Mo. App. 612; Rippee v. Railroad, 71 Mo. App. 561; Waldhier v. Railroad, 71 Mo. 514; Carson v. Cummings, 69 Mo. 331; Leslie v. Railroad, 88 Mo.

50; Sandeen v. Railroad, 79 Mo. 278; Ross v. Mathews, 51 N. Y. 108; Barnes v. Quigly, 59 N. Y. 267; Moore v. Noble, 53 Barb. 425. (2) It is not merely an instance of variance between the pleading and the proof in this case, but it is a case of utter failure of proof to sustain, in any particular, the action of tort—for fraud and deceit—sued on, and the recovery instead upon an action *ex contractu,* or for a fraud neither pleaded nor proven. Sumner v. Rogers, 90 Mo. 325.

*H. K. & H. J. West* for respondent.

(1) Respondent insists that in this case his action was for deceit, and that he recovered for deceit. Appellant seems to argue, that inasmuch as respondent's instructions required the jury to find that the plaintiff entered into a contract, and that the terms of the contract were as stated in his petition, this, under the instructions given, authorized the jury to find for plaintiff or as a breach of the contract. Appellant's learned counsel have entirely mistaken the plain meaning of plaintiff's instructions. Barnes v. McMullins, 78 Mo. 260; Bullock v. Wooldridge, 42 Mo. App. 356; Wirt v. Dinan, 44 Mo. App. 583.

SMITH, P. J.—This was an action which was brought against defendant Jones together with George W. Bailey and J. O. Andrews. The cause was dismissed as to the two latter, after which it proceeded to judgment against Jones, the remaining defendant, who has appealed here. The contention of the defendant is, that the plaintiff has sued on one cause of action and recovered on another. This contention must be determined by reference to the allegations of the plaintiff's petition and instructions.

After eliminating and rejecting as surplusage the allegations of the petition, so far as the same state a cause of action

Vol 91 app—19

against Bailey and Andrews, the question is, whether or not a cause of action is stated against the defendant; and if so, do the instructions for plaintiff disclose a recovery on that or some other cause of action?

The allegations of the petition in effect were: (1) That the plaintiff was the owner of 160 acres of land subject to certain incumbrances. (2) That defendant falsely and fraudulently represented to plaintiff that one Minnie Denyes was the owner in fee of two certain lots in Brookfield which were subject to a certain incumbrance amounting to one hundred and twenty-five dollars only, when in fact there was three hundred and eighty-five dollars due and unpaid thereon. (3) That the defendant falsely and fraudulently represented to the plaintiff that he was the owner of a large number of good promissory notes made by solvent persons, when in fact the defendant was not the owner of a large or any number of promissory notes made by solvent persons. (4) That the defendant proposed to plaintiff to exchange the Brookfield property for the lands of plaintiff, and in addition thereto to give plaintiff five hundred and thirty-five dollars in promissory notes to be selected out of the number of good solvent ones which defendant represented himself to hold, the same being the agreed difference between the value of the Brookfield lots and the plaintiff's lands, or the value of the plaintiff's equity therein. (5) That the plaintiff, relying on the representations made to him as aforesaid by defendant, and believing that defendant and the said Minnie Denyes desired in good faith to exchange said Brookfield lots and said amount of solvent promissory notes for the plaintiff's lands, was thereby induced to and did exchange his equity in said land for that of the said Minnie Denyes in the Brookfield lots and the delivery to him of five hundred and thirty-five dollars in said promissory notes, which defendant well knew were then utterly worthless and insolvent. In consequence of all which, plaintiff was damaged in the sum of seven hundred and ninety-two dollars, etc.

It is thus seen that the cause of action alleged is that of fraud or deceit. Fraud or deceit, accompanied with damages, constitutes a cause of action. Contractual ingredients most generally enter into deceit. Bullock v. Woolridge, 42 Mo. App. 356; Wirt v. Dinan, 44 Mo. App. 583; Barnes v. Mc-Mullins, 78 Mo. 260. The law does not require the pleader to set forth the contract or any consideration, but simply the fraud or deceit and damages. Hilliard on Torts (4 Ed.), 3.

The petition here, in plain and explicit terms, alleges the false and fraudulent representations that were made by the defendant; that the same were known to him to be false when made, and that the plaintiff, relying upon such representations, was induced to exchange his land for said notes and the Brookfield lots, in consequence of which he was damaged, etc. It is true that the contract for the exchange of the plaintiff's land for the Brookfield lots and the promissory notes is referred to in the petition, but the gravamen thereof is the deceit practiced by the defendant on the plaintiff, whereby the latter was induced to enter into the contract for the exchange of properties, etc. It will be seen by reference to the elementary books on pleading, that the allegations of the present petition conform in substance to those of the approved precedents in actions for deceit. 2 Chitty Plead. (16 Ed.), 521 *et seq.;* Bullock v. Woolridge, ante. It is perfectly manifest from the allegations of the petition that the action is not on the contract, but for the fraud and deceit by which the plaintiff was entrapped and induced to enter into such contract. And it therefore falls within the class of actions *ex delicto* and not *ex contractu.*

Having reached the conclusion that the cause of action stated is one in tort, and not on contract, it remains to inquire whether or not the plaintiff's instructions, as defendant contends, submitted the case to the jury upon a theory variant from that alleged in the petition.

These instructions in substance told the jury (1) that

if they believe from the evidence that the plaintiff, on or about the fifth day of September, 1900, traded his farm in Chariton county, described in the petition, to one Minnie Denyes, for her property in Brookfield, also described in the petition, and for $535 in notes to be paid by the defendant Jones to plaintiff, and that in the making of said trade defendant Jones was acting for himself and as the agent of the said Minnie Denyes, and that by the terms of said trade the said $535 in notes was to be good and solvent notes, and that in making said trade defendant Jones falsely and fraudulently stated and represented to plaintiff that the three notes read in evidence were good and solvent notes, and that the plaintiff, believing and relying upon said false and fraudulent representations so made to him by the defendant, if you find that said representations were false and fraudulent and were so made, was thereby induced to and did accept the said three notes read in evidence in payment of said $535; then if you further find that said notes so read in evidence and so accepted by plaintiff in payment of said $535 were uncollectible and worthless, you are bound to find for the plaintiff as to said $535, and this is true notwithstanding said notes were assigned by said Jones without recourse. And (2) the court instructs the jury that if they believe from the evidence that the plaintiff, on or about the fifth day of September, 1900, traded his farm in Chariton county, described in the petition, to one Minnie Denyes, for her property in Brookfield, also described in the petition, and for $535 in notes, to be paid to plaintiff by the defendant, John T. Jones, and that in making said trade the defendant was acting for himself and as the agent of the said Minnie Denyes, and that by the terms of said trade the plaintiff was to trade his property subject to the incumbrance thereon and was to take the Brookfield property subject to the incumbrances on that property; and that in making said trade the said Jones falsely and fraudulently stated and represented to plaintiff that the Brookfield property was free and clear

of incumbrances except $120 or $125 due to the Brookfield Loan and Building Association, and that there was at that time $382.66 due to said association on the deed of trust held by it against the said Brookfield property; and if you further find that in making said trade the plaintiff believed and relied upon the said false and fraudulent representations and statements so made to him by defendant Jones, if you find that they were so made and were false and fraudulent, and was deceived thereby, then you are bound to find for the plaintiff for the difference between the amount of the said incumbrance, as represented to plaintiff by Jones, and as it actually was. And this is true, even though the deed to the Brookfield property is a quitclaim deed only.

It thus is made plainly to appear that the plaintiff's instructions are within the allegations of the petition, and if that pleading alleges a cause of action based on fraud or deceit, as is the case, then certainly that cause of action was submitted to the jury by plaintiff's said instructions. It follows from this that the judgment can not be assailed on the ground that the plaintiff recovered on one cause of action while in his petition he alleged another.

We have examined the evidence, and as a result have concluded that it sufficiently supports the allegations of the petition to uphold the verdict. The numerous authorities referred to by the learned counsel for defendant have by no means been overlooked by us, but we do not think the application of the principles they announce can be successfully invoked in a case like this.

So far as we can discover, the judgment is impregnable to assault on any ground; and it must therefore be affirmed. All concur.