## F. E. McCURDY, Respondent, v. B. W. AYLOR, Appellant.

### (170 N. W. 523.)

In an action for the recovery of damages for breach of warranty in the sale of ewes, which warranty related to the time when the ewes would lamb, it is *held:*

**Contract for sale of ewes — breach of warranty — damages — action to recover — express warranty — evidence of jury — finding on.**

    1. That there is ample evidence from which the jury could find an express warranty.

**Cross-examination — letters introduced on — bear on credibility.**

    2. Where a series of letters passing between plaintiff and defendant are introduced as part of the cross-examination of the defendant, the letters are held to have a bearing upon the credibility of the defendant as a witness and to have been properly admitted for the purpose stated, even though the letters of the plaintiff contain self-serving statements.

**Damages — evidence of — confirmed certain pleadings.**

    3. The plaintiff not claiming damages for losses accruing to him after the ewes came into his possession, evidence as to their care by the plaintiff was properly excluded.

Opinion filed November 30, 1918. Rehearing denied December 24, 1918.

Appeal from the District Court of Traill County, *A. T. Cole,* J. Affirmed.

*F. E. McCurdy* and *Iver Acker,* for respondent.

A warranty is an engagement by which a seller assures to a buyer the existence of some fact affecting the transaction, whether past, present, or future. Comp. Laws 1913, § 5973; 35 Cyc. 373–375 inclusive.

*Carmody & Leslie,* for appellant.

Where the contract is in writing it is for the court to construe it and to decide whether it contains a warranty or not. Hobert v. Young, 12 L.R.A.697; Wason v. Rowe, 16 Vt. 525, 12 L.R.A. 694.

Where the evidence is such as to leave no doubt of the legal force of the language of the representation, the court may and should declare its effect. Short v. Woodward, 13 Gray, 86; Halliday v. Briggs, 18 N. W. 55; Holmes v. Tyson (Pa.) 15 L.R.A. 209.

The naked averment of a fact is neither a warranty itself nor evi-

dence of it. In connection with other circumstances it may certainly be taken into consideration; but the jury must be satisfied from the whole that the vendor actually, and not constructively, consented to be bound for the truth of his representations. McFarland v. Newman, 9 Watts, 55, 34 Am. Dec. 497; Holmes v. Tyson, (Pa.) 15 L.R.A. 209.

BIRDZELL, J. This is an appeal from an order denying a new trial. The action is for the recovery of damages for breach of warranty in the sale of some sheep, and a breach of an alleged agreement to ship them properly. The action was tried in the district court of Traill county, resulting in a verdict in favor of the plaintiff, assessing his damages at $275 with interest from January 24th, 1916, upon which judgment was entered. It appears that in December, 1915, the plaintiff and respondent negotiated with the defendant and appellant for the purchase of some ewes, and that during the course of the negotiations defendant described to the plaintiff some ewes he had for sale as follows: "I also have 146 Western ewes, bred to registered rams to begin lambing May 20th. These are twos and threes with some fours. They are all good ewes; I picked 300 from a flock of 600 when I bought them, and have sold 150 of them within the last two weeks. I am offering the balance at $6.50. They will weigh around one hundred pounds and will shear about nine pounds. . . . These prices are good for ten days." Following the receipt of this letter, the plaintiff arranged to have the offer kept open until January 10th, on which date he went to the defendant's farm, examined the sheep and bought them. In addition to the western ewes, he also bought some Shropshires, which are not involved in this action. Following this transaction, the defendant shipped the ewes to the plaintiff, billing them to Backoo, North Dakota. The plaintiff claims damages due to the alleged failure to line the cars with paper to protect the sheep from the inclemency of the weather. There is evidence that the ewes arrived in bad condition, due to the manner in which they were shipped; that some lambs were born en route; and that practically all of the ewes gave birth to lambs during January and February.

The appellants, upon this appeal, claim that the entire question of the plaintiff's right to recover depends upon the existence of a warranty with respect to the time when the western ewes would lamb, and

the damages incident to its breach. A number of alleged errors occurring during the trial are assigned. They all relate to the admissibility of evidence and to the instructions of the court, and will be considered in the order in which they are argued by the appellant.

It is argued that the court erred in allowing the plaintiff to introduce in evidence a series of correspondence consisting of thirteen letters which passed between the plaintiff and defendant and which were written after the sale and delivery of the sheep; eight of them were from the plaintiff to the defendant, the remainder being written by the defendant. These letters were introduced during the cross-examination of the defendant for the purpose, as claimed by the plaintiff, of their effect upon the credibility of the defendant as a witness. It is claimed that the letters from the plaintiff to the defendant contained many self-serving declarations and that, for this reason, they should be excluded. It is true that in them the plaintiff stated and reiterated his claim for damages incident to the alleged breach or breaches of warranty. But it is also true that the whole series of correspondence must be read together in order that there may be fair understanding of the attitude assumed by the defendant toward the plaintiff's claim. When the whole series of correspondence is read in connection with the evidence offered by the defendant, the evident purpose was to show inconsistency in the contentions of the defendant. When thus considered, the letters have not only a direct bearing upon the credibility of the defendant as a witness, but also tend to establish prior admissions contrary to his present attitude. Witnesses were brought forward by the defendant to testify that the condition of ewes which were to give birth to lambs approximately a month in the future could be readily determined upon inspection. This testimony could have no relevancy to the case if it were not introduced for the purpose of establishing that after the inspection of the ewes by the plaintiff on January 10th, the plaintiff could not claim reliance upon the previous express warranty, if such it was, that the ewes would lamb in May. It seems to have been the theory of the defense, first, that the defendant's offer did not contain an express warranty concerning this matter; and, second, if it be construed as amounting to an express warranty, the effect of it was overcome by the personal inspection of the plaintiff.

If the evidence of defendant's witnesses is true and the defendant

had the experience as a sheep man which he claims to have had, the assumption of ignorance as to the condition of the ewes when they were inspected by the plaintiff on January 10th, which is repeated throughout the correspondence, is wholly unjustified. In view of this state of the record, we think the letters were admissible for the purpose for which they were received, and we note that, in the instructions given, the trial court expressly limited the evidence to the matter of credibility.

It is next argued that the court erred in allowing the witness, A. C. McCurdy, to testify from his knowledge and experience as a sheep man concerning the impracticability of saving any considerable percentage of lambs born during the winter season; that birth of lambs in cold weather has a bad effect on the wool of the ewe; and that he could tell from the appearance of the lambs whether they were scrub stock or well bred. The witness had testified to his experience as a sheep man, covering a period of practically three years' employment by a man who had made sheep a business, during which time he had paid "more or less" attention to a study of the subject. It seems that the matters concerning which he testified were controverted and warmly contested during the entire trial, the plaintiff producing other witnesses who testified along the same line as A. C. McCurdy and the defendant producing a number of witnesses who testified to the contrary. We are by no means satisfied that the witness, A. C. McCurdy, was properly qualified to testify as an expert. Yet, in view of the other testimony in the case, and of the further fact that the jury must have understood fully the extent of his experience, we are satisfied that the admission of the testimony objected to does not constitute reversible error.

The witness, A. C. McCurdy, testified to the condition of the sheep upon their arrival at Backoo. This was objected to on the ground of its irrelevancy. The plaintiff had testified to an undertaking upon the part of the defendant to paper the cars, if necessary, to protect the sheep from damage in transit; and in his complaint, the plaintiff claims damages for a breach of this undertaking. In view of this testimony and this claim, it was clearly proper to show the condition of the sheep upon the arrival.

The plaintiff and other witnesses testified to the difference in value between Western ewes bred to lamb in May and similar ewes which

would lamb in February, March, and April. There was clearly no error in allowing this testimony to be admitted. Neither was error committed in the introduction of the deposition of O. W. Roberts, wherein he testified to the weather bureau record showing the temperature on the days during which the sheep were shipped. The witness was shown to be in charge of the weather bureau in Bismarck, where such records are kept. This testimony is material and relevant as bearing on that part of the claim which is predicated upon the failure to properly ship the sheep.

Evidence offered by the defendant as to the care of the sheep after they were received at Backoo was excluded, and we think properly so, because the plaintiff made no claim for damages except those accruing while the sheep were in transit, and those based upon the difference in value between ewes lambing at different seasons of the year.

We are satisfied that there was ample evidence to go to the jury tending to prove a warranty made by the defendant with respect to the time when lambs would be born. This evidence consists not only of the defendant's letter offering the ewes for sale, but also the testimony of the plaintiff as to the conversation had at the time of inspection.

An examination of the charge given shows that the court correctly instructed the jury as to what would constitute a warranty. The instruction upon this subject is: "In this connection you are instructed that any positive statement or affirmation of fact, and not of opinion, as to the quality of condition of the sheep sold made by the seller, the defendant in this case, in the course of the negotiations and naturally and fairly importing that he intended to bind himself to its truth, and which was so understood and relied upon by the buyer, the plaintiff herein, constitutes or would constitute a warranty. If, therefore, you find that there was any positive statement or affirmation of fact, and not of mere opinion, as to the breeding of the ewes in question and as to the time of lambing, and that by reason of these statements or affirmations the plaintiff was induced to buy, and he relied upon such statements or affirmations as a warranty, and such statements or affirmations were a warranty as hereinbefore explained, then if you find that the warranty was untrue and that the ewes lambed before the time stated or claimed to have been stated by the defendant and relied upon

or claimed to have been relied upon by the plaintiff, and that the ewes were not bred as stated or claimed to have been stated by the defendant and relied upon or claimed to have been relied upon by the plaintiff, then you will determine any damages accruing to the plaintiff by reason of such facts as may have been proved by a fair preponderance of the evidence in this case and award such damages to the plaintiff, not in a sum, however, exceeding that in the complaint, which is the sum of $525.

"A warranty is defined by our Code as follows: 'A warranty is an engagement by which a seller assures to a buyer the existence of some fact affecting the transaction, whether past, present, or future.' [Comp. Laws 1913, § 5973.] A mere contract of sale or agreement to sell in this case would not imply a warranty such as is set out in the complaint herein and claimed by the plaintiff.

"To constitute a warranty there must be something more than a mere opinion and something more than a mere praise of the goods sold; there must be some positive statement or affirmation of the party whom it is claimed gave the warranty as to some quality or condition which goes to make up the value, use, and desirability of the property purchased for the purpose for which it is purchased, and such statement or affirmation must have been accepted as true by the party claiming damages and he must have relied thereon, and a breach of said conditions must be proven and damages consequent upon such breach before the plaintiff can recover."

The foregoing, in our opinion, constitutes a full and complete statement of the law touching this subject as applied to the facts in the instant case, and under these circumstances it was not error for the court to refuse to give the instructions on the same subject requested by the defendant.

Finding no error in the record, the judgment is in all things affirmed.

GRACE, J. I concur in the result.

ROBINSON, J. I dissent.