ROBERT B. MORROW, Respondent, v. PAGE FARMERS MERCANTILE COMPANY, E. C. Baumgardner, Henry Krabbenhoft, J. J. Murphy, F. E. Davis, and J. A. Flack, Appellants.

(199 N. W. 868.)

**Bills and notes — order refusing amendment to answer in action on note held not abuse of discretion.**

1. For reasons stated in the opinion, *held:*

That the trial court did not abuse its discretion in refusing the amendment of an answer.

**Bills and notes — instruction that, if jury found agreement for substitution of new note, verdict should be for defendant, held not erroneous.**

    2. That the trial court fairly instructed the jury upon the issues of the defense.

**Sufficiency of evidence.**

    3. That the verdict is amply supported by the evidence.

Opinion filed July 19, 1924.

Bills and Notes, 8 C. J. § 1245 p. 956 n. 17; § 1357 p. 1045 n. 90; § 1394 p 1073 n. 94. Pleading, 31 Cyc. p. 367 n. 1; p. 368 n. 9; p. 422 n. 93.

In District Court, Cass County, *Cooley,* J.

Action upon a promissory note.

Defendants have appealed from a judgment and an order denying judgment non obstante or in the alternative for a new trial.

Affirmed.

*W. J. Courtney,* for appellants.

*Pierce, Tenneson, Cupler & Stambaugh,* for respondent.

## Statement.

BRONSON, Ch. J. This is an action upon a promissory note. Defendants have appealed from a judgment and an order denying judgment non obstante or in the alternative for a new trial. The facts necessary to be stated are:—Defendants, Page Farmers Mercantile Company, Baumgardner, Krabbenhoft, and Murphy made a note for $1,500, dated April 1st, 1919, and due April 1st, 1920, to defendant Davis on account of some merchandise sold. Davis, in February, 1921, indorsed the note to defendant Flack and over his signature guaranteed the payment thereof. Later, about July, 1921, defendant Flack indorsed the note and delivered it to plaintiff who since that time was the owner and holder thereof. This action, upon such note, was instituted in July, 1922, against the makers and endorsers. Defendants, excepting Flack, interposed an answer wherein, as one defense, they alleged that the transfers of the note were made after maturity; that when Davis turned the note over to Flack it was agreed that the old note would be turned back to the makers and a new note made, satisfactory

to Flack, and that the note so delivered to Flack should be held until the new note was given, and further, that the indebtedness of Flack to defendants should be deducted and the old note considered paid when the new note was given. Defendant Flack separately answered and set up a counterclaim and defense to the note on account of a threshing rig sold to him in payment of which the note was given to plaintiff and on account of breach of warranty in such sale. Upon a trial of the action against such defendants in December, 1922, plaintiff received a verdict and judgment in his favor. Later, in April, 1923, the trial court ordered a new trial as to all of the defendants excepting defendant Flack. The case came up for trial, for the second time, on November 21st, 1923. About November 15th, 1923, defendants served upon plaintiff a proposed amended answer. At the commencement of the trial defendants requested leave to amend their answer. Plaintiff resisted the application and the trial court denied the request. This amended answer alleged, in the way of new matter and as a counterclaim, generally speaking, a more extended statement concerning the agreement between the makers of the note and Davis and Flack, and between each other, for the renewal, extension and substitution of the new note; also allegations to the effect that Flack had collected interest on this note which was due and payable to Davis, contrary to agreement; further, that when the note was assigned to Flack he was then indebted to the company in the sum of $385 and to defendant Murphy in the sum of $125 and, before the transfer of the note, to plaintiff, Flack had become indebted to Davis in the sum of $277.32.

At the trial some evidence was offered to the effect that defendant Davis transferred this note by endorsement to Flack as consideration upon a land contract; that Flack, later, transferred this note to plaintiff as consideration for the purchase of a threshing rig. Some evidence was received concerning the agreement between the parties to the effect that an agreement was made that a new note should be given by the makers in place of the old one. There is some conflict in the evidence concerning the manner in which this note was transferred, from Davis to Flack, and concerning the capacity in which Flack held such note. The trial court submitted the issues to the jury and instructed the jury that if they found an agreement was made between Davis and Flack, at the time the note was transferred and delivered from Davis to Flack,

that the note so transferred and delivered should be returned to Mr. Davis and a new note given by parties satisfactory to Flack which was to take the place of this note that was being transferred, then the jury should find for defendants in the case. The jury returned a verdict in plaintiff's favor.

## Opinion.

It is needless to set out in detail defendants' specifications of error. In general they complain of the action of the trial court in refusing to allow the amended answer, in refusing a requested instruction concerning the agreement between Davis and Flack and the effect of it, and in upholding the sufficiency of the evidence to warrant the verdict that plaintiff was entitled to recover upon the note transferred by Flack, who as defendants assert, held the same as security and as a pledge.

We are wholly of the opinion that defendants' contentions are without merit. The rule of liberality in the amendment of pleadings is fully recognized; yet a wide discretion is granted to the trial court. Upon the record we find no abuse of discretion in this regard. Further, the trial court fairly submitted to the jury, as an issue of fact, the question of any agreement concerning the issuance of a new note by the makers thereof for the note transferred to plaintiff, as asserted in the answer. It covered defendants' requested instructions by the instructions actually given. The evidence amply supports the verdict. The judgment and order are affirmed with costs.

CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.