[File No. 6007.]

## T. J. DONAHUE, Respondent, v. CHARLES NOLTIMIER, Appellant.

(240 N. W. 862.)

Opinion filed February 3, 1932.

*Usher L. Burdick* and *Garberg & Johnson,* for appellant.

736

J. J. *Mulready* and *J. E. Hendrickson,* for respondent.

BIRDZELL, J. The plaintiff Donahue sued the defendant to recover the sum of $2,000 and interest alleged to have been paid to the defendant as the purchase price of certain stock which was never delivered to the plaintiff. In the complaint there were allegations of false and fraudulent representations and deceit. In the district court the plaintiff had a verdict and judgment for the full amount demanded and the jury made an additional special finding that the defendant induced the purchase by fraudulent representations and solicitations. The defendant appeals from the judgment.

The plaintiff alleges that in September, 1929, he was employed by the Quebec Fur Farms, Inc., of which corporation the defendant Noltimier was president; that on or about the 19th of September, 1929, the defendant approached the plaintiff and represented to him that he was the owner of a considerable number of shares of stock in the Quebec Fur Farms, Inc.; that the stock had been paid for by him with cash and was of the par value of $250 per share; that it was worth considerably more than that; that within a year it would be selling for $1,000 per share and in the course of from three to five years the

corporation would be paying dividends up to 100 per cent on such valuation; that the Quebec Fur Farms, Inc., was a sound, going concern and doing a large and profitable business and was continually expanding and extending the business; that unless the plaintiff would buy the stock then at the price of $250 per share he could never again get it for that price; that the defendant represented if the plaintiff would purchase eight shares of defendant's stock for $2,000 he would repurchase the same from the plaintiff within four months from that date for $2,200. All these representations are alleged to have been false and fraudulent to the knowledge of the defendant and to have been made for the express purpose of defrauding the plaintiff out of his money and inducing him to enter into a contract for the purchase of the shares. It is alleged that the plaintiff believed them to be true and relied upon them and, so believing and relying, that he purchased the stock for the sum of $2,000, paying the purchase price in negotiable bearer bonds for that sum; that the defendant agreed to deliver the stock; that he has never delivered the same or any part thereof or any other thing of value, and the said stock cannot now be delivered for the reason that the Quebec Fur Farms, Inc., has been dissolved. On information and belief it is alleged that the defendant never owned the shares he represented to the plaintiff he owned and that if certificates were ever issued they were issued upon credit, the stock never having been paid for by the defendant. It is alleged that the stock, if issued, had no value whatever; that the Quebec Fur Farms, Inc., was never a sound, going concern and never did a large and profitable business, was never authorized to carry on the business in which it was engaged and had no prospect of making profits as represented by the defendant. By reason of the premises the plaintiff· is alleged to have been damaged in the sum of $2,000.

In a separate paragraph, but not expressly as a separate cause of action, it is alleged that the plaintiff first learned that the representations of the defendant were false and fraudulent, and that said stock could not be delivered, on or about the first day of March, 1930; that he rescinded his contract for the purchase of the shares and demanded a return of the purchase price, which defendant has refused, failed and neglected to do and that he still refuses, fails and neglects to return

the said sum of money or any part thereof and the plaintiff does now rescind the contract for the purchase and demands the return to him of the $2,000 paid therefor. The relief demanded is a judgment for $2,000, with interest at six per cent from the 19th of September, 1929.

The answer admits the sale of the stock by the defendant but sets up the circumstances in which it is alleged to have been made, showing that the plaintiff initiated the transaction; that no representations were made by the defendant to induce the purchase; that the defendant was then the owner and holder of more than eight shares of the capital stock "and was then and is now ready, able and willing to deliver to the plaintiff such number of such shares of stock;" that the plaintiff has never called for and demanded the delivery thereof; that after the sale had been consummated the plaintiff and defendant discussed the affairs of the corporation and the defendant then stated the extent of its operations; that it was in fact engaged in the building of a ranch and in the sale of units of mink to investors at a profit which would warrant the defendant in making the statements that were made; that thereafter the State Securities Commission made an order prohibiting the sale of animals under the plan adopted by the corporation and "by reason thereof the profits of the said corporation ceased and the profits referred to by the defendant were not realized;" that the defendant made no false statements or representations and that the plaintiff was familiar with the plan of operation and bought the shares of his own free will and not by reason of any statements made by the defendant, and that the proceeds of the sale of this stock to the plaintiff were paid into the treasury of the corporation and by it used in the improvement of its property.

Upon the trial evidence was introduced by the plaintiff tending to substantiate the allegations of the complaint and by the defendant tending to establish the latter's version of the transaction as alleged in the answer, except that all the evidence shows that the stock in the Quebec Fur Farms, Inc., was never issued, none to the defendant nor to anyone else; but the defendant contended it was understood between him and his associates that he had a sixty per cent interest in the concern and that while in dealing with the plaintiff the negotiations were in terms of stock selling it was understood that he was selling to the plaintiff a percentage of his interest.

In the brief and in the argument on appeal much of counsel's attention is given to arrest and bail proceedings which were had in the district court before the trial; but, inasmuch as this is an appeal from the money judgment alone, no question concerning the regularity or validity of those proceedings is before this court and consequently cannot enter into a decision of this appeal.

Error is assigned upon the denial of the defendant's motion to dismiss on the ground that the complaint did not properly allege an action for fraud; also, on the denial of the defendant's motion to require the plaintiff to elect "whether he is suing on contract and for damages for the breach of it, or whether he is suing for money had under fraud, the complaint itself indicating that there are two causes of action in it." With these are linked other assignments predicating error upon the action of the trial court in requiring the jury to make a special finding on the question of fraud and in overruling the defendant's motion to dismiss the action on the ground that fraud was not properly alleged and "that no sufficient proof had been offered to establish criminal fraud."

The contention that the complaint does not contain proper allegations of fraud resolves to a charge that the facts constituting fraud and deceit are not alleged. For the purpose of this argument counsel link the affidavit in the arrest and bail proceedings with the complaint and treat both as one pleading; but, since the judgment in this action does not depend upon the affidavit but upon the complaint, we must consider the sufficiency of the allegations of fraud from the standpoint of the complaint alone. So viewed, there can be no merit in this contention; for, disregarding the allegations of what may be considered as mere sales talk or puffing, the complaint charges the defendant with representing that the Quebec Fur Farms, Inc., was a sound, going concern and was doing a large and profitable business and was continually expanding and extending its business. It charges that he represented that he was the owner of a considerable number of shares of stock in the Quebec Fur Farms, Inc., and that the stock had been paid for by him with cash. These are allegations as to existing facts. The plaintiff alleges, on information and belief it is true, but nevertheless alleges, that the defendant never owned stock in this corporation as represented; that if certificates of stock were issued they were issued upon credit and had

never been paid for by the defendant; that the Quebec Fur Farms, Inc., was never a sound, going concern and never did a large and profitable business and was never authorized to carry on the business in which it was engaged. These are allegations of fact which, if relied upon as alleged and proved, constituted fraud and deceit. So, the motion to dismiss was properly denied.

As to election it is true that the complaint, disregarding the allegations of fraud, does allege a good cause of action for the recovery of the money paid by the plaintiff upon a consideration which has failed and as so regarded it states a cause of action upon a contract which the law would imply to return the money. Perhaps it may also be regarded as stating a cause of action for a breach of a contract to deliver stock, but this would be a strained construction of the pleading. At the same time facts are clearly alleged which show that the plaintiff was induced to part with his money in reliance upon false and fraudulent representations made by the defendant, and he alleges that he was damaged in the full sum which he was thus persuaded to part with and for which he has received nothing of value. The complaint thus states a cause of action to recover damages for fraud and deceit. Even a cursory reading of the complaint impels one to the conclusion that the gravamen of the action is fraud and deceit. See Francisco v. Hatch, 117 Wis. 242, 93 N. W. 1118; Kendall v. Wilson, 41 Vt. 567; 1 C. J. 1020. In actions of this character allegations appropriate to either contract or tort are apt to be found intermingled. "Contractual ingredients most generally enter into deceit." Lambert v. Jones, 91 Mo. App. 288, 291. As is pointed out in 1 Cooley on Torts, 3d ed. p. 156, "in many cases an action for a tort or an action for a breach of contract may be brought by the same party on the same state of facts." As illustrative of this principle, the author continues (Cooley, p. 156, supra): "If one by means of a false warranty is enabled to accomplish a sale of property, the purchaser may have his remedy upon the contract of warranty, or he may bring suit for the tort. The tort consists in his having been, by fraud and falsehood, induced to make the purchase. There is a broken contract, but there is also something more: there is deception to the injury of the purchaser in procuring the contract to be made. Suit may be brought on the contract, ignoring the fraud; but it may also be brought for the fraud,

and then the contract will not be counted on, *though it will necessarily be shown*, (Italics supplied) in order to make it appear how the deception was injurious. The tort in such case is connected with the contract only as it enabled the tort feasor to bring the party wronged into it." Thus, where the pleader sets up all the facts out of which his alleged injury arose, he finds it appropriate to allege the contract, though his real injury results from parting with his money or property. He sets up the contract induced by the fraud to show the completion and the operation of the tort.

Granting that the plaintiff cannot both rescind a contract on account of fraud inducing it and recover damages measured by the difference between the value of such contract and the value it would have had if conditions were as represented, because such positions are inconsistent, (Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026), we think the pleading here does not show such an inconsistent attitude. Here facts are alleged which show that the plaintiff never derived any benefit whatever from any contract that was made; that any such contract was voidable, both for fraud and non-performance; that it was rescinded and that the plaintiff was damaged to the full extent of what he had parted with. Having received nothing he was not required to return anything to effect a rescission. Raymond v. Edelbrock, 15 N. D. 231, 234, 107 N. W. 194. His complaint shows that he asserts no right whatever under the contract. He could recover what he had paid either upon an implied contract for the return of the consideration or as damages flowing directly from the defendant's fraud. Both remedies, if it be assumed there are two, proceed in negation of the voidable and worthless contract and both may rest upon the same or consistent facts, although the plaintiff may be required to sustain a greater burden to establish fraud than mere failure of consideration. One remedy does not affirm what the other denies. See 20 C. J. 11. Though the plaintiff had failed to sustain the burden necessary to prove fraud, he might still have had a right to recover his $2,000 without proof of any fact inconsistent with any allegation in his complaint. In this sense there are two remedies, but they are not inconsistent. Since, then, in neither one is any right predicated upon the contract itself, the situation is quite analogous, conversely, to that in Palmer v. Goldberg, 128 Wis. 103, 107 N. W. 478, where two consistent remedies

in affirmance of a contract were upheld. There, though the plaintiff held an unsatisfied judgment on the note of a third party which he had taken in exchange for horses, he was permitted to recover of the defendant a like sum—the value of the horses—as damages for the fraud inducing him to part with his horses in exchange for the worthless note. The court said (page 110): "There was no choice made between two inconsistent remedies. An action to recover on a contract, and one to recover damages for having been induced to enter into the contract, are not inconsistent with each other; both leave the contract undisturbable." It is equally true that there is no inconsistency between the disavowal of a worthless contract and an action to recover damages measured by what one paid out in reliance upon it. Both attitudes leave the contract in the discard. Where such a contract is regarded as worthless and avoided for the purpose of sustaining recovery on either of two theories, the pleader may not be said to have arrived at "the parting of the ways" (Corliss, Ch. J., in Field v. Great Western Elevator Co. 6 N. D. 424, 425, 66 Am. St. Rep. 611, 71 N. W. 135) and consequently need not be put to an election.

To summarize: We are of the opinion that the court did not err in denying the motion that the plaintiff be required to elect, because (a) the gist of the action pleaded was one for damages for fraud and deceit, and (b) the pleading purports to show that the plaintiff derived nothing of value from the contract and that it is disregarded for all purposes of the action, and (c) regarded as stating a cause of action for a return of the money paid, as upon an entire failure of consideration as well as for damages for fraud and deceit, the remedies are not inconsistent. To this we might add that the record shows no prejudice on account of the denial of the motion, for the same transaction would have been involved in either event and the same evidence would have been admissible, and the jury by its special finding has found that the plaintiff sustained the greater burden of proving fraud.

The appellant complains of certain rulings on objection to testimony which he contends had the effect of preventing a full explanation as to why he had not made a delivery of the stock. He contends that in fraud cases great latitude should be allowed, both as to the proof of facts alleged to constitute the fraud and likewise to negative its existence. The transcript shows that while the rulings are not entirely con-

sistent throughout, the defendant was nevertheless permitted to show that the Quebec Fur Farms, Inc., was prevented by the State Securities Commission from continuing its operations by the sale of units or animals; that this took place soon after the plaintiff and the defendant had entered into their contract and that at the suggestion of the State Securities Commission and to save time a new corporation, known as the Quebec Fur Ranches, Inc., was organized and assumed the obligations of the old company. This excuses neither the non-delivery nor the misrepresentations. Instead of showing that the rulings prevented the defendant from giving reasons why he had not made a delivery of the stock, a range of examination was permitted which was much broader than the issues really warrant.

It is further contended that the court erred in not giving certain instructions requested by the defendant. The charge given is fair and complete; it covers all the issues in the case. The defendant has, therefore, had every advantage which he could properly have enjoyed by having the charge given in other language. Young v. Harris, 4 Dak. 367, 32 N. W. 97; Daeley Bros. v. Minneapolis & N. Elevator Co. 4 N. D. 269, 60 N. W. 59; Ouverson v. Grafton, 5 N. D. 281, 296, 65 N. W. 676; State v. Moeller, 20 N. D. 114, 124, 126 N. W. 568; Willoughby v. Smith, 26 N. D. 209, 144 N. W. 79; Vollmer v. Stregge, 27 N. D. 579, 147 N. W. 797; McCurdy v. Aylor, 41 N. D. 187, 192, 170 N. W. 523; Collard v. Fried, 41 N. D. 242, 170 N. W. 525; Morrow v. Page Farmers Mercantile Co. 51 N. D. 215, 199 N. W. 868; Jondahl v. Campbell, ante, 555, 238 N. W. 697.

The appellant also complains that in effect he was compelled to defend both a civil and criminal action at the same time in that an outcome of this suit favorable to the plaintiff foreshadowed a resort to punitive measures against him. Whatever there is in this case that smacks of punishment is due to the existence of a statute that fixes the consequences of a recovery. Comp. Laws 1913, § 7489. The record shows that the first reference to the arrest and bail proceedings was by the defendant himself. Otherwise, as far as this record discloses this action might well have proceeded before the jury as any ordinary action to recover damages for fraud and deceit. So far as the record shows the submission of the special question to the jury, requiring them to find whether or not the purchase was induced by fraudulent

representations, operated to the advantage of the defendant rather than against him.

Finding no error in the record prejudicial to the appellant and it appearing that a fair trial has been had, the judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.